Jerry ROBINSON, Plaintiff-Appellant,

v.

POUDRE VALLEY FEDERAL CREDIT UNION, William Smilie, Individually and as agent for Poudre Valley Federal Credit Union, Defendants-Appellees.

No. 83CA0015.

Colorado Court of Appeals, Div. IV.

March 15, 1984.

Roy M. Wittstruck, Fort Collins, for plaintiff-appellant.

Fischer & Wilmarth, Stephen E. Howard, Steven G. Francis, Fort Collins, for defendants-appellees.

SILVERSTEIN,* Judge.

Plaintiff, Jerry Robinson, appeals the judgment of the trial court, following a trial to the court, which found plaintiff and defendant, Poudre Valley Federal Credit Union (Poudre), each to be 50% negligent and, thus, denied plaintiff any relief. We affirm.

This is the second appeal of this case. The facts are set forth in our previous opinion in *Robinson v. Poudre Valley Federal Credit Union*, 654 P.2d 861 (Colo.App. 1982) (*Robinson I*) and need not be repeated here. In that appeal, we held that it was improper, under the facts presented, to include failure to hire an attorney as an element in determining plaintiff's quantum of negligence. We remanded for a redetermination of the percentage of plaintiff's negligence, if any.

I.

Plaintiff asserts that the trial court, contrary to the guidelines set forth in *Rob-*

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

*inson I*, considered plaintiff's reliance on Poudre's misrepresentations as an element of negligence. However, in *Robinson I* we stated: "[C]ontributory negligence principles apply to the recipient of a negligent misrepresentation." A plaintiff will thus be barred from recovery in such a case if he is himself found to be as negligent in relying on the information as the defendant was in giving it. *Robinson I, supra; Restatement (Second) of Torts* § 552A (1981).

As in other comparative negligence cases, the recipient of a negligent misrepresentation is held to the standard of care, knowledge, intelligence, and judgment of a reasonable person under the circumstances. *See Restatement (Second) of Torts* § 552A comment a (1981). Without reference to his failure to consult an attorney, and as indicated by the trial court's remaining findings after trial, the evidence was sufficient to support the view that Robinson did not meet that standard here. Hence, we are bound by the trial court's conclusion on review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Further, although we might not have made the same apportionment of negligence, we may not overturn the allocation of the finder of facts unless reasonable minds could not have apportioned the negligence of the parties in the manner in which it was done. *See Dunham v. Kampman,* 37 Colo.App. 233, 547 P.2d 263 (1975), *aff'd,* 192 Colo. 448, 560 P.2d 91 (1977). Such is not the case here.

### II.

Plaintiff also contends that by failing to make more specific factual findings pertaining to Robinson's negligence in its order and judgment after remand, the trial court failed to follow our mandate in *Robinson I* and contravened § 13–21–111(2), C.R.S. Again, we disagree. The order and judgment reveal that the trial court fully complied with our directive. The findings are sufficient to apprise us, for purposes of review, of the basis upon which the trial court reached its decision. No more is

required. *See Mowry v. Jackson,* 140 Colo. 197, 343 P.2d 833 (1959).

Defendants' request for damages under C.A.R. 38 is denied.

Judgment affirmed.

ENOCH, C.J., and HODGES, Justice,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).