**Hogue W. McKINLEY and H.K. Hill,
Plaintiffs-Appellees,**

v.

**WILLOW CONSTRUCTION COMPANY,
INC., a Colorado corporation, Defend-
ant Third-Party Plaintiff-Appellant,**

v.

**ALLIED TRADES, INC., a Colorado
corporation, d/b/a Barnett
Company, Third-Party
Defendant-Appellant.**

No. 82CA1345.

Colorado Court of Appeals,
Div. I.

Sept. 20, 1984.

Davis & Ceriani, P.C., Gary J. Ceriani, Denver, for plaintiffs-appellees.

Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for defendant third-party plaintiff-appellant.

Littell & Dickinson, Randall S. Herrick-Stare, Denver, for third-party defendant-appellant.

BABCOCK, Judge.

Plaintiffs, Houge W. McKinley and H.K. Hill, commenced this action for breach of contract and negligence against defendant, Willow Construction Company, Inc. (Willow), seeking damages resulting from defects in a roof constructed by Willow during remodeling of plaintiffs' property. Willow filed a third party complaint against the truss manufacturer, Allied Trades, Inc., d/b/a the Barnett Company (Barnett), seeking indemnity and contribution, alleging that plaintiffs' damages were caused by Barnett's negligence in engineering the trusses incorporated into the roof.

Following trial to the court, judgment was entered upon plaintiffs' claim for breach of contract against Willow in the sum of $59,309.20. The trial court denied plaintiffs' negligence claim. Judgment was then entered upon Willow's claim of negligence against Barnett in the same amount. The trial court denied Barnett's post-trial motion for contribution. This appeal by both Willow and Barnett followed. We affirm.

The following facts, as found by the trial court, are supported by the evidence in the record. The remodeling project began in 1972 and was completed approximately 13 months later. This project included construction of an indoor swimming pool covered by a flat roof containing a structure called a "clearstory" which had skylights and windows. Shortly after the project was completed leaks developed in the roof over the swimming pool and adjacent livingroom. Periodic attempts to correct the leakage by patching the roof were unsuccessful. In 1979, plaintiffs noticed cracks in the plaster and settling of the roof. They were advised by an engineer that the

structural support system for the swimming pool roof was inadequate and in danger of collapse. The swimming pool roof was thereafter replaced and the livingroom roof repaired at a cost of $59,309.20.

The trusses sold by Barnett to Willow were inadequate to bear the load of the roof. This inadequacy was attributable to Barnett's having failed to obtain proper engineering for the construction of these trusses. Because the trusses were substantially overloaded, the clearstory structure over the pool deflected (settled) which in turn caused damage to the livingroom roof, necessitating repairs in that area.

## I.

Willow does not contest the trial court's conclusion that it breached its contract with plaintiffs. However, it contends that plaintiffs are barred from prosecuting this action pursuant to the six-year limitation period set forth in § 13–80–110, C.R.S. Willow also contends that the damages awarded to plaintiffs are excessive. We disagree.

## A.

As the parties admit, the six-year period of limitation provided in § 13–80–110, C.R.S., applies to plaintiffs' claim. *See Tamblyn v. Mickey & Fox, Inc.*, 195 Colo. 354, 578 P.2d 641 (1978); *Olson Plumbing & Heating, Inc. v. Douglas Jardine, Inc.*, 626 P.2d 750 (Colo.App.1981). And where, as here, the action is for damages to improvements which are themselves defective:

"[T]he cause of action does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action. Of course, the question of whether or not the plaintiff actually discovered, or should have discovered, that damage occurred and that it probably resulted from professional malpractice is a question which should be left for the trier of fact

or, in appropriate cases, summary judgment." *City of Aurora v. Bechtel Corp.*, 599 F.2d 382 (10th Cir.1979).

■ The trial court found, on supporting evidence, that plaintiffs did not know, nor could they have known in the exercise of reasonable diligence, the extent of the structural defects until the latter part of 1979. Thus, having commenced this action in March 1981, the plaintiffs were well within the six-year limitation period.

### B.

■ The evidence established, and the trial court found, that the pool roof was unusable and had to be removed and replaced. Therefore, the cost of replacement is the proper measure of damages. *Worthen Bank & Trust Co. v. Silvercool Service Co.*, 687 P.2d 464 (Colo.App.1984). Moreover, there is overwhelming evidence which supports the trial court's finding that the reasonable and necessary cost to replace the defective roof and repair the adjacent livingroom roof was $59,309.20. This finding will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### II.

Barnett contends that the trial court erred in entering judgment in favor of Willow upon Willow's third party complaint. We disagree.

### A.

*Worthen Bank & Trust Co. v. Silvercool Service Co., supra,* is dispositive of Barnett's first contention regarding the trial court's measure and assessment of damages. Thus, we will not address it further.

### B.

Barnett next asserts the trial court erred in denying its motion for contribution. We find no error.

■ The trial court ruled that because Willow was liable to plaintiffs upon a breach of contract theory, and liability was imposed upon Barnett because of negligence, Barnett and Willow are not "joint tortfeasors" pursuant to the Uniform Contribution Among Tortfeasors Act, § 13–50.-5–101, et seq., C.R.S. The trial court's rationale was correct. *Restatement (Second) of Torts* § 886A comment 1 (1977); *see Wesley v. Pikes Peak Family Counseling & Mental Health Center, Inc.*, (Colo. App. No. 81CA0991, July 19, 1984).

### C.

■ We agree with Barnett's contention that this is not a proper case for indemnification. Like contribution, indemnification requires that there be at least two parties "liable in tort to a third person." *Restatement (Second) of Torts* § 886B (1977); *see Western Insurance Co. v. Brochner*, 682 P.2d 1213 (Colo.App.1983). Willow's liability to plaintiff rests in contract, not in tort. Thus, there are not two parties liable in tort to the plaintiffs. Therefore, the trial court's judgment in favor of Willow against Barnett may not rest upon this theory.

■ However, the trial court's findings in support of its conclusion that Barnett's negligence proximately caused the total damages awarded plaintiffs is fully supported by the record and will not be disturbed on review. *See Worthen Bank & Trust Co. v. Silvercool Services Co., supra.* Also, we find no merit in Barnett's contention that the trial court failed to comply with the mandate of § 13–21–111(2)(b), C.R.S., in that it did not specifically state as a percentage the comparative degree of negligence of Barnett and Willow. The findings are sufficient to apprise us that the trial court found Barnett to be 100% negligent and that such negligence proximately caused the total damage to plaintiffs in the sum of $59,309.20. *See Robinson v. Poudre Valley Federal Credit Union*, 680 P.2d 241 (Colo.App.1984). Thus, Barnett is simply a third-party defendant tortfeasor, liable to Willow for the entire amount of plaintiffs' claim against Willow. C.R.C.P. 14. *See Public Service Co. v. District Court*, 638 P.2d 772 (Colo. 1981).

For the foregoing reasons the judgment of the trial court is correct. Reliance upon an erroneous premise by the trial court is not ground for reversal of an otherwise correct judgment. *Consolidated Oil & Gas, Inc. v. Superior Oil Co.,* 157 Colo. 86, 401 P.2d 89 (1965); *Miller v. Mountain Valley Ambulance Service, Inc.,* (Colo.App. No. 82CA0591, September 6, 1984).

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.