**Richard L. DeGETTE,**
**Plaintiff-Appellant,**

v.

**The MINE COMPANY RESTAURANT, INC., a Texas Corporation, Trammell Crow, Individually and d/b/a Trammell Crow Company, Gary Shafer, Harlan R. Crow, Chandler, formerly known as Robert C. Chandler, Crow Handy Andy Houston Venture, a Texas Partnership, Thomas A. Lamb and, The Park Restaurant, Inc., a Texas Corporation, Defendants-Appellees.**

**No. 83–1093.**

United States Court of Appeals,
Tenth Circuit.

Jan. 9, 1985.

Rehearing Denied Feb. 13, 1985.

Peter R. Bornstein, Denver, Colo. (I.H. Kaiser, P.C. and Berenbaum & Berenbaum, Denver, Colo., with him on the briefs) for plaintiff-appellant.

G. Duffield Smith, Jr., Gardere & Wynne, Dallas, Tex. (Douglas M. Tisdale, Denver, Colo. with him on the brief) for defendants-appellees.

Before HOLLOWAY, Chief Judge, BREITENSTEIN and SEYMOUR, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity case, appellant-plaintiff sued the appellees-defendants for the unlawful use of architectural plans and designs in the construction of a Houston, Texas restaurant. The trial court dismissed the case on the ground the applicable statute of limitations had expired before the filing of the action. We reverse.

The plaintiff, DeGette, is a Colorado architect who prepared the plans and specifications for a restaurant in Glendale, Colorado, known as the Colorado Mine Company. The restaurant, owned and operated by Elba Scott, opened for business in June, 1971, and has been in continuous operation since that time.

The defendants-appellees are all connected in one way or another with a Houston, Texas restaurant known as the Mine Company Restaurant. Defendant Chandler approached Scott seeking his assistance in constructing a restaurant in Houston similar to the Colorado Mine Company. Scott referred Chandler to the plaintiff, DeGette. Chandler approached DeGette who said that he would be willing to provide architectural services. Chandler then asked DeGette what he would do if the building were built without him, to which DeGette replied that he would sue.

Scott signed an agreement with Chandler in September, 1972, in which Scott agreed to furnish Chandler with assistance in setting up the restaurant and the plans and designs of the Colorado Mine Company for a fee of $50,000.00. Scott did not furnish Chandler with the plans and designs. A planner-designer, Thomas Lamb, was engaged to visit the Colorado Mine Company and design a restaurant similar to it. The Houston restaurant was opened for business in August, 1973. In 1976, plaintiff heard from a friend living in Houston that there was a restaurant similar to the Colorado Mine Company in Houston. In April, 1979, he verified the existence of the Mine Company Restaurant.

Plaintiff filed this action against the defendants on November 16, 1979, alleging: (1) infringement of common law copyright; (2) theft of a trade secret in violation of C.R.S.1973 § 18–4–408; and (3) conspiracy to infringe plaintiff's copyright and to steal plaintiff's trade secret. The defendants moved to dismiss alleging the bar of the applicable statute of limitations, C.R.S.1973 § 13–80–110. The motion was denied without prejudice. Judge Kane of the district court said, Tr.Vol. II, pp. 23–24:

"It is my finding that Colorado does follow the discovery rule in cases of this nature, and the issue is whether the plaintiff either knew or should have known. At that point this triggers the running of the statute.... It appears to me that further discovery may well be warranted and that further discovery may very well show that the tortious acts occurred outside of the period provided by the statute of limitations .... I think that the allegations of the plaintiff must be taken favorably in a motion such as this and must necessarily be considered as a contested issue after ade-

quate discovery. There appears to be some rather obvious things that need to be done in that regard."

The case came before Judge Moore upon reassignment. Further discovery did not reveal additional factual matters relevant to the motion to dismiss. Judge Moore then sustained the motion and dismissed the action. R.Vol. I, p. 102–104. In so doing he noted that there was no concealment of the Houston restaurant and that evidence of the similarity between it and the Colorado restaurant was "openly flaunted." He rejected *City of Aurora, Colo. v. Bechtel Corp.,* 10 Cir., 599 F.2d 382, saying that it does not support the plaintiff because the discovery rule asserted therein applies only to actions against certain professionals for services which by their very nature are not immediately subject to the knowledge of the injured party. He said that the rule came about because of the need to "balance the equities."

The parties agree that for the purposes of this motion to dismiss, the Colorado statute of limitations applies. The action is in tort for infringement of a copyright and theft of a trade secret. The applicable statute of limitations is six years as provided in C.R.S.1973 § 13–80–110, which reads:

"Except as otherwise provided in Section 4–2–725, C.R.S.1973, the following actions shall be commenced within six years after the *cause of action accrues,* and not afterwards: ... (g) all other actions on the case, except actions for slander and for libel." (Emphasis added.)

The question is when does the cause of action accrue? In *Owens v. Brochner,* Colo., 474 P.2d 603, the Colorado Supreme Court had before it a medical malpractice case where the applicable statute of limitations provided that an action shall be brought within two years "after such cause of action accrued." Id. at 604. The court held that, Id. at 607: "in a professional negligence case the cause of action 'accrues' when the patient discovers or, in the exercise of reasonable diligence, should have discovered the doctor's negligence."

In *City of Aurora, Colo. v. Bechtel Corp.,* 10 Cir., 599 F.2d 382, an engineering malpractice case, we reviewed the pertinent decisions and held, Id. at 389:

"... in an action for professional malpractice against an engineer or architect brought under the six-year statute of limitations contained in 13–80–110, C.R.S. 1973 the cause of action does not accrue until the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action."

Cases like *Miller v. Industrial Commission,* 106 Colo. 364, 105 P.2d 404; *Shockley v. Public Service Company of Colorado,* Colo.App., 525 P.2d 1183; *Norton v. Leadville Corp.,* 43 Colo.App. 527, 610 P.2d 1348; and *With v. General Electric Co.,* Colo.App., 653 P.2d 764, which do not involve statutes using, or opinions interpreting, the word "accrues," have no pertinence.

The discovery rule applies. The court made no finding as to the diligence of the plaintiff. It merely commented that there was no latent negligence on the part of the defendant and that the damage was openly flaunted. This is not enough. The court should make specific findings. The plaintiff had no reason to believe that his plans would be disseminated on a national basis. The question of diligence raises a factual issue. So also do the claims of the defendants of laches and of the pre-emption of federal copyright laws. These matters are for the determination of the court on remand.

Reversed and remanded.