**Greta Ellen HAUSER, individually and as Personal Representative of the Estate of Jeffrey H. Hauser, and as mother and next friend of Jennifer Ann Hauser, a minor, Plaintiff-Appellee,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant-Appellant.**

No. 84–2067.

United States Court of Appeals, Tenth Circuit.

July 24, 1986.

Gordon H. Rowe, Jr., Monte Vista, Colo., and Gordon H. Rowe, III, Oklahoma City, Okla., for plaintiff-appellee.

Jon R. Hilton, of Kelly, Stansfield & O'Donnell (Richard Bryans, and Marla S. Petrini with him on briefs), Denver, Colo. for defendant-appellant.

Before BARRETT, SEYMOUR and BALDOCK, Circuit Judges.

BARRETT, Circuit Judge.

Appellant-defendant, Public Service Company of Colorado (PSC), appeals from the denial of its Motion for Judgment Notwithstanding the Verdict and Motion for New Trial by the United States District Court for the District of Colorado. PSC's motion was filed after the entry of judgment by the district court, in favor of plaintiff-appellee, Greta Ellen Hauser (plaintiff), based on a jury verdict returned against PSC for wrongful death in the amount of $700,000. PSC raises five issues on appeal: (1) whether the district court erred in instructing the jury that PSC owed the plaintiff's decedent the highest degree of care; (2) whether the district court erred in refusing to grant PSC's motion for directed verdict at the close of plaintiff's case; (3) whether the district court erred in not ordering a mistrial when plaintiff's counsel made a "golden rule" argument to the jury; (4) whether the district court erred in excluding testimony proffered by defendant through the witness, Walter G. Eavenson, concerning the design of its electrical power line; and (5) whether the district court erred in not reducing the judgment by the amount which plaintiff recovered from the settling defendant?

On July 1, 1981, plaintiff's decedent, Jeffrey Hauser, was electrocuted while repairing an irrigation pump and well. Hauser was an independent contractor employed by Cooper Drilling Company for the purpose of servicing irrigation wells in the San Luis Valley of Colorado. In repairing irrigation wells, a truck-mounted boom is raised vertically from the bed of the truck and suspended over the well to lift the pump mechanism while work is done on the pump and the well itself. The truck on the

date of the accident was backed to within some few feet of the well. Hauser went to the rear of the truck to man the controls, and while raising the boom came into contact with one phase of PSC's three-phase electric primary distribution line, approximately 27 feet overhead.

Plaintiff brought this wrongful death diversity action against PSC and Smeal Manufacturing Company, the manufacturer of the drilling rig and boom operated by Hauser at the time of the accident. Smeal settled the suit with the plaintiff immediately prior to trial for the sum of $50,000. Thereafter, the jury returned a verdict in favor of plaintiff and found damages in the amount of $700,000. The jury found Hauser 30% negligent and PSC 70% negligent. The district court therefore entered judgment against PSC in the amount of $490,-000 plus pre-judgment and post-judgment interest.

## I.

PSC contends that the district court erred in instructing the jury that PSC owed the decedent the highest degree of care as set forth in *Federal Insurance Co. v. Public Service Co.*, 194 Colo. 107, 570 P.2d 239 (1977). *See also*, CJI–Civ. 2d 9:5 (1980). PSC contends that the Colorado Court of Appeals in *Mannhard v. Clear Creek Skiing Corp.*, 682 P.2d 64 (Colo.App.1983) set out the evidentiary criteria which must be met prior to instructing the jury on the highest degree of care standard. Given the decedent's occupation and familiarity with the dangers of overhead electrical lines, PSC contends that the decedent was able to recognize and guard against the potential danger of the electrical lines, and therefore the highest degree of care instruction was inapplicable in this case.

In *Federal Insurance Co. v. Public Service Co.*, *supra* 570 P.2d at 242, the Colorado Supreme Court reviewed the Colorado cases regarding the standard of care owed to the public by utilities engaged in providing electricity and held:

Compelling reasons continue to exist to warrant the requirement that electric utilities conduct their business with the "highest degree of care": (1) electrical energy possesses inherent dangerous properties, (2) electric utilities possess expertise in dealing with electrical phenomena and in operating facilities for delivery of electricity, and (3) the general public is not able to recognize and guard against the dangerous potential of certain situations.

*See also, Pizza v. Wolf Creek Ski Dev. Corp.*, 711 P.2d 671, 683 (Colo.1985); *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579, 588 n. 10 (Colo.1984).

PSC contends that in *Mannhard v. Clear Creek Skiing Corp.*, *supra*, a skiing accident case not involving electric utilities, the Colorado Court of Appeals elaborated on *Federal Insurance*, *supra*, to the extent that an evidentiary finding on the three criteria of *Federal Insurance* must be made before the highest degree of care instruction can be given. In response to this contention, the district court ruled that since the Colorado Supreme Court, the highest court in Colorado, has expressly determined and held that electric utilities owed the highest degree of care, the district court sitting in this diversity case was bound under *Erie Railroad Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) to apply the rule of *Federal Insurance* to PSC, notwithstanding the alleged modifications of *Federal Insurance* by the Colorado Court of Appeals.

In reviewing the interpretation and application of state law by a resident federal district court judge in a diversity action, we are governed by the clearly erroneous standard. *King v. Horizon Corp.*, 701 F.2d 1313, 1315 (10th Cir.1983). We hold the district court was not clearly erroneous in instructing the jury regarding the highest degree of care standard. We agree with the district court that in *Federal Insurance*, *supra*, the Colorado Supreme Court expressly held that electric utilities are subject to the highest degree standard. The facts of this case do not warrant a contrary holding.

## II.

PSC contends that the district court erred in denying its motion for directed verdict at the close of plaintiff's case. PSC specifically contends that Hauser failed to make out a prima facie case on the element of negligence and that the case should not have been submitted to the jury.

■ At the conclusion of counsel's argument on the motion for directed verdict, the district court ruled as follows:

While it certainly is not the strongest case of negligence that I have ever heard, I think there is adequate evidence to take the case to the jury. Therefore the motion is denied.

(R., Vol. V, p. 34.) In reviewing the denial of a motion for directed verdict, we view the evidence and inferences from it in "the light most favorable to the party for whom the jury found. A directed verdict ... may not be granted unless the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made." *Miller v. City of Mission, Kan.*, 705 F.2d 368, 373 (10th Cir. 1983) (citations omitted). In viewing the record in the light most favorable to the plaintiff, we hold that the district court did not err in denying PSC's motion for directed verdict at the close of plaintiff's case.

## III.

PSC contends that the district court erred in not ordering a mistrial when plaintiff's counsel allegedly made a "golden rule" argument during closing argument. We have carefully reviewed counsel's closing argument and we hold that the district court did not err in failing to order a mistrial.

■ Plaintiff's argument, about which PSC complains, consists of the following:

But put yourselves in this position, those of you with a breadwinner in the family, and I know you—

THE COURT: That's improper. You can't ask the jury to put themselves in the position of the party in a case.

That's the Golden Rule argument. That's improper, and I so advise you before you started.

MR. GORDEN ROWE, JR.: Oh, thank you, Your Honor. I didn't realize that.

THE COURT: I know you didn't, I know it was unintentional, but I thought I ought to point that out.

(R., Vol. V, p. 393–94.)

PSC did not object to counsel's argument. In addition, assuming *arguendo* that plaintiff's counsel made a "golden rule" argument, we hold that PSC was not prejudiced in light of the district court's admonition to plaintiff's counsel. Therefore, we hold that the district court did not err in failing to order a mistrial.

## IV.

PSC contends that the district court erred in excluding the testimony of Walter G. Eavenson, an engineer with PSC, regarding the design of the electrical line. PSC attempted to elicit information from Eavenson as to why he had changed his original design and put the electrical line closer to the well. Eavenson was going to testify that a landowner had asked him to make the change. Plaintiff's counsel objected on hearsay grounds and the district court sustained the objection. PSC contends that the district court erred in excluding Eavenson's testimony on hearsay grounds, because it was offered to show Eavenson's state of mind in making the change, not to prove the truth of the matter asserted.

■ It is well established under our rules of evidence that error may not be predicated upon a ruling excluding evidence unless a substantial right of the party is affected. Fed.R.Evid. 103(a). After sustaining plaintiff's objection, the court permitted Eavenson to respond to defense counsel's following question:

Q. Mr. Eavenson, did you move the line to the west side after a meeting with the landowner?

A. Yes, I did.

(R., Vol. IV, p. 166.) It was certainly reasonable for the jury to infer from this evidence Eavenson's state of mind in changing his electrical line design. In addition, we believe Eavenson's state of mind regarding the design change has little if anything to do with the reasonableness of PSC's decision to put the electrical line closer to the well. Therefore, assuming, without deciding, that the district court erred in excluding Eavenson's proferred testimony on hearsay grounds, we hold that a substantial right of PSC was not affected.

## V.

PSC contends that the district court erred in failing to reduce plaintiff's judgment by the amount which plaintiff recovered from the settling defendant, Smeal Manufacturing Company (Smeal), which settled out prior to trial. The basis for PSC's contention is section 13–50.5–105 of the Colorado Statutes which provides that when a tortfeasor settles out of a case, the claim against the remaining defendant(s) is reduced accordingly:

**Release or covenant not to sue.** (1) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

The jury returned a $700,000 verdict in favor of plaintiff. The jury, however, found the decedent 30% negligent under Colorado's comparative negligent statute. (R., Vol. I, p. 39.) On April 20, 1984, the district court entered a judgment against PSC in the amount of $490,000 plus interest (*Id.* at 40).

In its post-trial motions, PSC moved to alter or amend the judgment in the amount of $50,000 under C.R.S. 13–50.5–105. On September 17, 1984, the district court entered an order clarifying its ruling on PSC's motion to alter or amend judgment. (R., Vol. I, p. 95.) Based on this order, the district court entered an Amended Judgment on September 18, 1984, providing in part as follows:

ORDERED AND ADJUDGED that judgment is entered for the plaintiff GRETA ELLEN HAUSER, individually and as Personal Representative of the Estate of Jeffrey H. Hauser, and as mother and next friend of JENNIFER ANN HAUSER, a minor, and against the defendant PUBLIC SERVICE COMPANY OF COLORADO, *in the amount of $490,000.00*, plus interest on $490,000.00 at the rate of 9% per annum from July 1, 1981 to April 6, 1984, and interest on $440,000.00 at the rate of 9% per annum from April 6, 1984 to April 20, 1984, these two interest rates to be compounded annually from March 28, 1983, plus interest on $440,000.00 at the legal rate of 10.81% per annum from April 20, 1984....

(R., Vol. I, p. 98 (emphasis added).)

It is clear from the district court's Amended Judgment that only the calculation of interest was amended to reflect the $50,000 settlement between the plaintiff and Smeal. The Amended Judgment states that the award of damages remained in the amount of $490,000. Apparently through inadvertence, the district court neglected to amend the amount of the original judgment to $440,000.

We hold that the damage award should have been reduced by $50,000 to $440,000 in accordance with C.R.S. 13–50.5–105. In *Perlmutter v. Blessing*, 706 P.2d 772, 776 (Colo.1985), the Colorado Supreme Court interpreted the phrase "claim against the other [tortfeasors]" in C.R.S. § 13–50.-5–105(1)(a) "to comprise the entire judgment ..." whether or not the original de-

fendants were jointly and severally liable. In addition, the court noted that the term "injury" refers to the consequences of a tortious act or omission, such as wrongful death." *Id.* at 775 n. 2. This case involves a wrongful death action against both PSC and Smeal. The release in this case was executed by plaintiff as consideration for the $50,000 paid by Smeal to settle plaintiff's wrongful death claim against it. Under the facts of this case, we hold that the district court was clearly erroneous in not reducing the $490,000 judgment by the $50,000 paid by Smeal as required by C.R.S. § 13–50.5–105(1)(a). The case is therefore remanded to the district court to reduce the judgment by $50,000.

AFFIRMED in part and REVERSED in part.

SEYMOUR, Circuit Judge, concurring.

I concur generally in the analyses and conclusions in the majority opinion with the exception of the majority's application of the clearly erroneous standard to the trial judge's interpretation of state law. For the reasons I previously set out in *Carter v. City of Salina,* 773 F.2d 251, 256 (10th Cir.1985) (Seymour, J., concurring), I do not believe that this standard is the appropriate one for our review of the district court's conclusion that PSC owed the decedent the highest degree of care.

I nonetheless concur because the Colorado Supreme Court has made clear its intention that the highest degree of care be applied to inherently dangerous activities, including electricity. *See Blueflame Gas, Inc. v. Van Hoose,* 679 P.2d 579 (Colo.1984) (propane gas); *Federal Insurance Co. v. Public Service Co.,* 194 Colo. 107, 570 P.2d 239 (1977) (electricity); *Hook v. Lakeside Park Co.,* 142 Colo. 277, 351 P.2d 261 (1960) (amusement device). *See also Pizza v. Wolf Creek Ski Development Corp.,* 711 P.2d 671, 683 (Colo.1985) (ski area operation held not inherently dangerous in contrast to above cases). In light of the cited cases, PSC's argument that the standard of care depends on the sophistication and knowledge of the particular *victim* is un-

persuasive. I would hold, as a matter of law, that Colorado would apply the highest degree of care to this case.