**Vernon J. ZURICK, Plaintiff-Appellant,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY, a Missouri corporation; First American Title Insurance Company of Mid-America, a Missouri corporation, Defendants-Appellees.**

**No. 86–2255.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1987.

Kathleen Anne Lord, Calkins, Kramer, Grimshaw & Harring, Denver, Colo., for plaintiff-appellant.

Susan V. Martin (Jack Silver with her on the brief), Silver & Hayes, P.C., Denver, Colo., for defendants-appellees.

Before McKAY, SEYMOUR, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-appellant Zurick appeals from an order of the district court granting defendants' motion to dismiss this diversity action as time-barred by the applicable state statute of limitations. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The factual allegations essential to our review of that determination are not in dispute.

In 1961, plaintiff ordered a preliminary title report and commitment for insurance from Arapahoe Land Title, Inc. (Arapahoe), which is the predecessor to defendant-appellant First American Title Insurance Company of Mid-America (which is owned by defendant-appellant First American Title Insurance Company (First American)). Plaintiff sought to purchase both the surface and subsurface rights to a ten-acre parcel of undeveloped land in Boulder County, Colorado. Arapahoe incorrectly represented to plaintiff that the entire subsurface rights were owned by three persons who, in fact, had title only to the coal rights. Relying on this representation, plaintiff contracted with those individuals for the purchase of their subsurface interests in the property.

In March of 1982, Teton Energy Company (Teton) drilled a producing gas well just south of the property purchased by plaintiff. Upon contacting Teton, plaintiff was informed that he did not have title to the gas deposits under the property, which had been acquired by Teton from the true owners prior to drilling. On November 14, 1984, plaintiff commenced the instant action sounding in contract and in tort. He seeks compensatory and exemplary damages for negligent misrepresentation, professional negligence, breach of contract and breach of fiduciary duty.

Defendants moved to dismiss the action, contending that the lapse of twenty-three years since completion of the title report and commitment barred the action under any Colorado statute of limitations which might control. In response, plaintiff argued for application of a "discovery rule," under which a cause of action is not deemed to accrue until a party is aware, or

through the exercise of reasonable diligence should be aware, of the injury resulting from the defendants' operative negligence or breach. Defendants' motion to dismiss was referred to a magistrate, who recommended that the motion be denied. The magistrate reasoned that Colorado would apply a discovery rule and that the limitation period would begin to run from the date the plaintiff was aware or should have been aware of the title defect. The district court declined to follow the recommendation of the magistrate and granted defendants' motion. The district court held that plaintiff's claim was barred by the three-year limitation period established in Colo. Rev. Stat. § 13–80–108(1)(b) (1973), and declined to apply the discovery rule. Applying Colorado law, we conclude that district court was clearly mistaken on both points, and we reverse. *See Hauser v. Public Service Co.*, 797 F.2d 876, 878 (10th Cir.1986).

In light of the broad span of time involved, selection of the proper statute of limitations might appear to be immaterial. Certainly, as the parties recognize, the dispositive issue before the court is whether plaintiff's long-delayed action is saved by application of the discovery rule. Nevertheless, because that primary issue turns in part on the particular statute of limitations chosen, it is essential that our analysis begin with the appropriate statute.

At the outset, we note that in 1986, Colorado approved a new limitations scheme codifying the discovery rule and providing for a three-year statute of limitations for contract actions and a two-year period for tort actions. Colo.Rev.Stat. §§ 13–80–101(a) (contract), 13–80–102(1)(a) (tort) & 13–80–108 (discovery rule)(Supp. 1986). However, the new statutes were not made retroactive and apply only to those causes of action that accrue (are discovered) after the date of its enactment. *See United Bank of Denver Nat'l Ass'n v. Wright*, 660 P.2d 510, 511 (Colo. App. 1983).

The present action is governed by the prior limitations statute, which provides in pertinent part:

**§ 13–80–110.  Actions barred in six years.** (1) Except as otherwise provided in section 4–2–725, C.R.S.1973, the following actions shall be commenced within six years after the cause of action accrues, and not afterwards:

(a) All actions of debt founded upon any contract or liability in action;

.     .     .     .     .

(g) All other actions on the case, except actions for slander and for libel.

Colo.Rev.Stat. (1973). This six-year statute of limitations applied not only to contract actions, but also to tort actions, including those alleging negligence. *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 173 n. 5 (Colo.1987); *Duncan v. Schuster–Graham Homes, Inc.*, 578 P.2d 637, 640 (Colo.1978). Contrary to the analysis of the district court, this is the applicable statute.

The district court selected the limitation period contained in Colo.Rev.Stat. § 13–80–108(1)(b) (1973). That statute provided:

**13–80–108.  Actions barred in three years.** (1) The following actions shall be commenced within three years next after the act complained of and not afterwards:

(a) All actions based upon implied or constructive fraud;

(b) All other actions of every kind for which no other period of limitation is provided for by law.

(2) The above shall not apply to any particular action where a different or other limitation period is now provided for by law. Nothing in this section shall be construed as reviving any cause of action which may be barred by any former or other statute.

*Id.* The district court applied Colo. Rev. Stat. § 13–80–108(1)(b) (1973) because the Colorado appellate courts had yet to apply a limitations period to an allegedly defective title search. However, the purpose of § 13–80–108(1)(b) was to fill the gaps, if any, left by the state's numerous, specifically-targeted limitations provisions. *See* Colo.Rev.Stat. § 13–80–108(2) (1973). This action sounds in contract and in tort, for

which Colorado had a specific and identifiable limitations provision in Colo.Rev.Stat. §§ 13–80–110(a) & (g) (1973).

In holding the discovery rule inapplicable to the present circumstances, the district court relied on an excerpt from a Colorado Law Review article which referred to the "apparent rule" that the limitations period for breach of contract by a title abstracter "begins to run from the date of the certificate which is the basis for the action, rather than the time of discovery of the error." King, *Current Practices in Examination of Titles to Colorado Land,* 35 Colo.L.Rev. 1, 8 n. 29 (1962). We are reluctant to rely on this statement because it is conjectural and dated. There is now relevant precedent from which to forecast[1] what position Colorado would adopt concerning this issue. The article was written before Colorado first recognized the discovery rule (absent fraud or concealment) in any professional negligence setting. *See Owens v. Brochner,* 172 Colo. 525, 474 P.2d 603, 604–07 (1970) (medical malpractice). The persuasiveness of this secondary source and the others cited by the district court are necessarily undercut by the recognition and expansion of the discovery rule by the Colorado courts. *See Morris v. Geer,* 720 P.2d 994, 997 (Colo.App.1986) (legal malpractice); *McKinley v. Willow Constr. Co.,* 693 P.2d 1023, 1025–26 (Colo.App.1984) (negligence of builder-vendor).

This court has twice been confronted with the task of ascertaining the direction of Colorado law with respect to application of the discovery rule in professional contexts. In *City of Aurora v. Bechtel Corp.,* 599 F.2d 382, 386–89 (10th Cir.1979), we relied on the general reasoning of *Owens* and the emerging trend applying the discovery rule to actions against various professionals, and held that Colorado would apply the discovery rule to negligence actions against engineers and architects. The four-point summary of the equities involved, with which *Bechtel* concludes, is just as apt here[2] as in the situations presented in *Bechtel* and *Owens. See Bechtel,* 599 F.2d at 389; *see also Owens,* 474 P.2d at 606. Moreover, the *Bechtel* case has since been followed or cited by the Colorado courts. *Morris,* 720 P.2d at 997; *McKinley,* 693 P.2d at 1025–26; *see also State v. Young,* 665 P.2d 108, 109 (Colo. 1983).

The second relevant case from this circuit is *DeGette v. Mine Co. Restaurant, Inc.,* 751 F.2d 1143 (10th Cir.1985), which considered application of the discovery rule to a Colorado copyright infringement and trade secret theft action brought by an architect whose plans and designs for a restaurant allegedly had been appropriated. Although *Bechtel* had concentrated on the nature of the action and the underlying equities, *DeGette* focused instead upon the language used in the particular statute of limitations applied, Colo.Rev.Stat. § 13–80–110 (1973), the same statute applicable to the present case. Section 13–80–110 provides that the action must be commenced within six years "after the cause of action accrues." In *DeGette,* we recognized that the Colorado courts have held that an action "accrues" when the plaintiff knew or should have known of the facts giving rise to the action. *DeGette,* 751 F.2d at 1145. Notably, *Bechtel* involved the same statute of limitations.

Consequently, whether one considers the nature of the action or the language of the applicable limitation statute, substantial authority exists to support recognition of the discovery rule in the present context. While the district court did not consider

---

1. "The First Law of Forecasting—Forecasting is very difficult, especially if it's about the future." H. Faber, The Book of Laws 56 (1979). Although aptly applied to economics, the same might be said about federal forecasting of state law.

2. Specifically, a title abstracter owes a duty to his client to perform in a reasonably prudent manner. A layman is often unable to recognize patent title defects, let alone latent title defects which, by their nature, may be discovered years later. And although the passage of time may hinder the defense of such an action, plaintiff retains the burden of proof. Finally, the policies underlying the statute of limitations are not frustrated where the claimant did not know, or could not have known, of the title problem before its discovery, even in the exercise of reasonable diligence. *Bechtel,* 599 F.2d at 389.

this authority in its order, it is more compelling than the dated, more general sources mentioned by the district court. However, the district court also relied upon two other considerations, pressed vigorously by defendants both below and on appeal, which we have not yet addressed.

Summarizing one argument advanced at length by defendants, the district court stated:

> [W]e believe that the Colorado legislature has expressed a clear preference that the discovery rule be qualified by the simultaneous application of a cap or upper limit for which such a rule may be applied. Accordingly, even if we applied the discovery rule, we find that a cap would be applied long before the seventeen [sic] years between the alleged negligent acts and the filing of this cause of action.

Record vol. I, pleading 10 at 3. Although the Colorado courts have judicially recognized the discovery rule in various contexts, they have not mentioned or relied upon either an existing or an anticipated statute of limitations. *See generally Owens*, 474 P.2d 603; *Morris*, 720 P.2d 994; *McKinley*, 693 P.2d 1023; *see also De-Gette*, 751 F.2d 1143; *Bechtel*, 599 F.2d 382. Perhaps the district court was alerting us to what it perceived as the tendency of the Colorado legislature to restrict judicially-created discovery rules by the passage of statutes of limitation. Our limited role in this diversity case is to ascertain the direction of state law as interpreted by the Colorado courts, *Bechtel*, 599 F.2d at 386, not to anticipate how the legislature might react to this question.

Another rationale given by the district court for its ruling touches on the fundamental concerns underlying all statutes of limitation:

> Limitation periods are enacted for the purpose of promoting justice, discouraging unnecessary delay and forestalling the prosecution of stale claims. (Citation omitted.). The passage of seventeen [sic] years has undoubtedly resulted in the disappearance of witnesses, failure of memories, and the loss or destruction of much relevant evidence.

Record vol. I, pleading 10 at 4. While we recognize and share these interests, we do not believe they require rejection of the discovery rule in the present context. The equitable reasons for recognition of the discovery rule voiced in *Bechtel*, 599 F.2d at 389, and *Owens*, 474 P.2d at 606, satisfy the concerns for justice and expedition, while the final consideration, involving the problems inherent in stale litigation, would seem to be of little significance in title examination cases, where the primary evidence usually consists of public records. *See generally Hendrickson v. Sears*, 365 Mass. 83, 310 N.E.2d 131, 136 (1974). Moreover, as recognized in both *Owens*, 474 P.2d at 606, and *Bechtel*, 599 F.2d at 389, the plaintiff seeking recognition of the discovery rule retains the initial burden of producing evidence sufficient to establish a prima facie case and, ultimately, of persuading the trier of fact.

■ Accordingly, we apply the discovery rule and hold that plaintiff's cause of action did not accrue until he discovered, or in the exercise of reasonable diligence should have discovered, the material facts essential to show the elements of the claims asserted. *DeGette*, 751 F.2d at 1145; *Bechtel*, 599 F.2d at 389; *Owens*, 474 P.2d at 604–07; *Morris*, 720 P.2d at 997; *McKinley*, 693 P.2d at 1025–26. Because the discovery rule applies, factual issues involving discovery and diligence arise that have not yet been considered by the district court, *Morris*, 720 P.2d at 997; *Mastro v. Brodie*, 682 P.2d 1162, 1168 (Colo.1984), and the case must be remanded to the district court for further proceedings. *DeGette*, 751 F.2d at 1145.

**REVERSED AND REMANDED.**