Edward S. MURRAY, Plaintiff-Appellee,

v.

The NEW YORK, NEW HAVEN & HART-
FORD RAILROAD COMPANY,
Defendant-Appellant.

No. 165, Docket 24698.

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1958.

Decided May 5, 1958.

Bromsen & Gammerman, New York City (Ira Gammerman, New York City, of counsel), for plaintiff-appellee.

Edmund J. Moore, New York City (R. M. Peet, New York City, of counsel), for defendant-appellant.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

## WATERMAN, Circuit Judge.

The plaintiff commenced this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for injuries sustained by him during the course of his employment. The jury returned a verdict in the amount of $75,000 and judgment was rendered thereon by the district court. Defendant, by its appeal, urges that a new trial is required because of allegedly erroneous rulings made by the trial judge during the course of the trial.

On January 24, 1953, the plaintiff, a locomotive engineer employed by the defendant, went to the defendant's Oak Point Motor Shop to pick up engines for his run from New York to New Haven. The three engines which had been assigned to this run were lined up on a single track. Upon examination, plaintiff discovered that the middle engine was defective and so notified the foreman who ordered a hostler to remove it. The plaintiff, his fireman, and the hostler climbed aboard the lead engine. The hostler moved it forward so that the foreman was able to move the defective middle engine onto another track. When this was accomplished the hostler began to move the first engine back to couple it with the third engine. The hostler and the fireman were both seated in the cab and the plaintiff was standing between them. When the two engines coupled plaintiff fell back against the partition to his rear and sustained the injuries for which recovery was awarded below. There was adequate evidence that plaintiff's fall was the result of the jarring effect of the coupling caused by the excessive speed at which the first engine had been operated by the hostler.

Immediately prior to the conclusion of the defendant's case, counsel for the defendant read into evidence Rule 745 of the defendant's operating rules. The rule provides:

"The only persons allowed to ride on engines or rear platforms of cars without permits issued by the proper authorities are the general officers of the Operating Department, division officers and trainmen in discharge of their duties, also employees learning the road, holding written authority by the superintendent. Not more that two persons holding engine permits will be allowed to ride on an engine at one time. No one whose duties do not require it will be permitted to ride on the engineman's side. Enginemen must not permit trainmen to remain on engines when duty requires them elsewhere."

It is not disputed that under this rule plaintiff should not have been on the engine when he was injured. Nevertheless, at the request of plaintiff's counsel the trial judge excluded the rule from evidence and ordered the jury to disregard it. The defendant urges that the rule was proper for the jury's consideration as constituting some evidence of

44

the contributory negligence of the plaintiff.

In Renaldi v. New York, New Haven & Hartford R. Co., 2 Cir., 1956, 230 F.2d 841, 844, we held that private safety rules were admissible in evidence "when their purpose is to protect the class of persons by whom suit is brought and when their violation can reasonably be said to contribute to the injury sued upon." See also Krasnow v. National Airlines, 2 Cir., 1955, 228 F.2d 326. Under such circumstances, violation of the rule, if proved, is "some evidence of negligence." Johnson v. Erie Railroad Company, 2 Cir., 1956, 236 F.2d 352, 356; Frabutt v. New York, C. & St. L. R. Co., D.C.W.D.Pa.1950, 88 F.Supp. 821. With these principles in mind, we think that it is fairly clear that defendant's Rule 745 should have remained in evidence. An obvious purpose of the rule is to minimize the risk of injury attendant upon the ordinary jolting and jarring, stopping and starting, that accompanies the movement of an engine. Plaintiff's injury was just such an occurrence as it was a purpose of the rule to avoid. The plaintiff contends that the rule lacks relevance and was properly excluded because the rough coupling would have occurred regardless of whether or not plaintiff was on the engine. Plaintiff overlooks the fact that he was injured because he was on the engine and his cause of action is based upon the injury he received while he was there. Moreover, the jury may well find that the plaintiff, on his part, negligently contributed to the accident, although his negligence may be said to consist in placing himself in a forbidden situation not made harmful until the subsequent negligent act of the defendant. Norfolk & W. Ry. Co. v. Riggs, 6 Cir., 1938, 98 F.2d 612; Restatement of Torts § 478, comment a. Nor do we think that the rule should have been excluded as not a "safety rule" because there was no evidence that a coupling properly performed, is "inherently dangerous." To be sure, as the trial court instructed the jury, the plaintiff was "not required to anticipate a negligent coupling." Nevertheless, the existence of the rule had some relevance to the likelihood that the plaintiff might encounter some danger while he was on the engine. Since it was relevant, i.e., it was promulgated to protect a class of persons of which plaintiff is a member and its violation contributed to the injury sued upon, we think that Rule 745 should have remained in evidence and that the weight to be given it was a matter which should have been left to the jury. Cf. Dundom v. New York Cent. R. Co., 2 Cir., 1944, 145 F.2d 711.

The trial judge was apparently of the view that the rule tended only to show assumption of risk by the plaintiff, a defense which does not exist under the Act, 45 U.S.C.A. § 54. To some extent the doctrines of assumption of risk and contributory negligence overlap. See Pacheco v. New York, N. H. & H. R. Co., 2 Cir., 1926, 15 F.2d 467. The former "refers to the situation in which the plaintiff, with full knowledge of the risk, enters into some relation with the defendant involving danger to himself through the defendant's conduct." Prosser on Torts 377 (1941). Contributory negligence, on the other hand, consists of "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection * * *" Restatement of Torts § 463. As we have indicated above, we think that violation of Rule 745 by the plaintiff was some evidence from which the jury might determine that plaintiff was not in the exercise of due care in being aboard the engine. The defendant may not be denied its partial defense of contributory negligence merely because the same evidence would be pertinent to prove assumption of risk.

We conclude that a new trial is required, for we do not believe that the striking of the rule from evidence can be considered "harmless error." The exclusion from jury consideration of the evidence that the plaintiff was on the engine in violation of a rule of the railroad designed to promote the safety of railroad employees deprived the jury of

 

important evidence bearing upon the plaintiff's responsibility for his injury.

██ ██ In view of our disposition of this cause a discussion of the additional errors assigned by the defendant is unnecessary, but as a new trial is being ordered it may be desirable to indicate our views with respect to an issue raised by defendant which may assume significance upon remand. In his summation, counsel for the defendant stated to the jury that at age 65 the plaintiff would be entitled to retire with full pension. The plaintiff objected on the ground that there was no evidence in the record relating to pension rights, and the court charged the jury that they should not consider this factor in arriving at their verdict. The court also refused to instruct the jury, as requested by the defendant, that they might consider the plaintiff's pension rights in trying to calculate the amount of his lost future earnings. As the defendant urges, plaintiff's pension rights were relevant to a determination of his probable lost future earnings. Cf. Wetherbee v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 1951, 191 F.2d 302; Thompson v. Camp, 6 Cir., 1947, 163 F.2d 396, certiorari denied, 333 U.S. 831, 68 S.Ct. 458, 92 L.Ed. 1116. The trial judge fully recognized this, but based his rulings on the ground that in the absence of any evidence concerning the amount of plaintiff's pension, consideration of pension rights by the jury would be mere speculation. We agree. Plaintiff's pension rights are relevant only to the question of whether he might retire in the future, and hence not suffer a loss of earnings attributable to his injury. Whether or not he would retire would be dependent upon whether he would find it advantageous to do so, and this, in turn, would depend in part on a determination of the amount of the pension to which he would be entitled. There is no evidence in the record from which such a determination could be made. Although the size of the pension to which plaintiff would be entitled upon retirement cannot be precisely determined until he retires, 45 U.S.C.A. §

228c, it is possible, upon the basis of records in the defendant's possession, to estimate the minimum retirement benefits to which he normally would be entitled. Evidence of this minimum would provide a sufficient foundation to support the instruction requested by defendant. In the absence of such evidence, the trial judge properly refused to permit the jury to speculate concerning the effect of plaintiff's unknown pension rights.

The judgment below is reversed and the cause remanded for a new trial.