**David A. CRUZ, Plaintiff-Appellant,**

v.

**UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant-Appellee.**

**No. 83CA0438.**

Colorado Court of Appeals, Div. I.

Aug. 29, 1985.

Stone, Ribble, Bremseth, Meyer & Wood, P.A., Gary K. Wood, Minneapolis, Minn., Tallmadge, Tallmadge, Wallace & Hahn, P.C., Donald F. D'Antuono, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, C. Willing Browne, Mark C. Hansen, Denver, for defendant-appellee.

VAN CISE, Judge.

This is an action brought by plaintiff, David A. Cruz, under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, et seq., to recover damages for an injury to his right leg while he was employed as a rear brakeman by defendant Union Pacific Railroad Company (U.P.). U.P. denied that it had been negligent, and raised the affirmative defense of contributory negligence on the part of plaintiff. The jury found that both parties had been negligent, that the negligence of each had had some causal connection with plaintiff's injuries, that the U.P.'s percentage of fault was 5% and plaintiff's was 95%, and that plaintiff's total compensatory damages were $1,000. The trial court, accordingly, entered judg-

ment in favor of plaintiff for $50 plus costs. Plaintiff appeals. We affirm.

## I.

Prior to the commencement of the trial, plaintiff's counsel filed a "motion in limine" to exclude evidence or argument pertaining to the defense of assumption of risk. Commenting that the issues in this case are negligence and contributory negligence only and that it would "see how the evidence progresses," the trial court denied the motion. Plaintiff contends this ruling was reversible error. We do not agree.

Assumption of risk is not a defense to an injured employee's claim in a FELA action. 45 U.S.C. § 54. Therefore, an employee whose sole act of negligence consists of working in a dangerous place is not barred from recovery. *Tiller v. Atlantic Coast Line R.R. Co.*, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610 (1943). However, an employee may be found to be contributorily negligent for failing to take reasonable precautions to protect himself from a known risk. *Murray v. New York, New Haven & Hartford R.R. Co.*, 255 F.2d 42 (2d Cir.1958).

■ As stated in *Murray, supra:*

"To some extent the doctrines of assumption of risk and contributory negligence overlap ... the former 'refers to the situation in which the plaintiff, with full knowledge of the risk, enters into some relation with the defendant involving danger to himself through the defendant's conduct.' *Prosser on Torts* 377 (1941). Contributory negligence, on the other hand, consists of 'conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection....' *Restatement of Torts* § 463.... The defendant may not be denied its partial defense of contributory negligence merely because the same evidence would be pertinent to prove assumption of risk."

U.P. did not attempt to raise the defense of assumption of risk in its answer or in its trial data certificate. Therefore, the trial court did not err in denying the motion prior to the commencement of the trial.

■ Plaintiff argues that, had the motion been granted, certain allegedly improper questions asked prospective jurors on voir dire or directed to plaintiff on cross-examination and some allegedly improper remarks in closing argument would have been prohibited. However, plaintiff's counsel did not object at the time any of these questions were asked or remarks were made. Therefore, errors, if any, were waived. *Christensen v. Hoover*, 643 P.2d 525 (Colo.1982); *Spears Free Clinic & Hospital for Poor Children v. Maier*, 128 Colo. 263, 261 P.2d 489 (1953).

## II.

The court gave plaintiff's requested instruction on contributory negligence with the exception of a cautionary closing paragraph which stated:

"You may not find contributory negligence on the part of the plaintiff, however, simply because he acceded to the request direction of the responsible representatives of his employer that he works at a dangerous job, or in a dangerous place, or under unsafe conditions."

And, the court refused to give plaintiff's tendered instruction on assumption of risk not being a defense. Plaintiff contends that these rulings constituted reversible error. We disagree.

In the present case, plaintiff was aware of two potentially unsafe conditions at his workplace—the oil which had accumulated on the floor of the caboose, and the slack action which occurs when the train travels downhill. U.P. did not claim that plaintiff had assumed the risks created by the slack action or the oil or that he was contributorily negligent for his knowledgeable acceptance of these conditions.

■ However, U.P.'s evidence did show that plaintiff could have avoided the spilled oil when walking through the caboose and failed to do so. Also, he could have cleaned the oil from the soles of his boots each time he reached the cupola, but did not. Finally, plaintiff knew that slack ac-

tion was going to occur as the train was traveling downhill, and knew that the U.P. safety rules cautioned employees to remain seated during periods of slack action. Nevertheless, plaintiff chose to climb down from the cupola knowing that slack action was about to occur, knowing that this action would jostle the caboose, and knowing that he had oil on his shoes. This was evidence on the defense of contributory negligence, not assumption of the risk.

Where, as here, the defense of assumption of the risk was not pled, and was not raised or argued at any time prior to or during trial, giving a cautionary instruction that assumption of the risk was not a defense to plaintiff's claim would only serve to confuse the jury and obscure the issues. *Tiller v. Atlantic Coast R.R. Co., supra; Casko v. Elgin, Joliet & Eastern Railway Co.,* 361 F.2d 748 (7th Cir.1966). *See Seaboldt v. Pennsylvania R.R. Co.,* 290 F.2d 296 (3d Cir.1961) (the giving of such an instruction might even be reversible error).

### III.

Plaintiff further contends that the jury's finding that he was 95% negligent was manifestly against the weight of the evidence. Again, we do not agree.

 In comparative negligence cases, and a FELA action is such a case, the issue of the percentage of negligence is for the jury's determination, and its finding thereon is not to be disturbed in absence of a clear showing of passion, prejudice, or unconscionability. *Buchanan v. Chicago & Northwestern Railway Co.,* 159 F.2d 576 (7th Cir.1947); *Dunham v. Kampman,* 37 Colo.App. 233, 547 P.2d 263 (1975), *aff'd,* 192 Colo. 448, 560 P.2d 91 (1977). There was no such showing here.

Also, "although we might not have made the same apportionment of negligence, we may not overturn the allocation of the finder of facts unless reasonable minds could not have apportioned the negligence of the parties in the manner in which it was done." *Robinson v. Poudre Valley Federal Credit Union,* 680 P.2d 241 (Colo.

App.1984). Here, the jury could have determined that plaintiff's failure to take reasonable precautions against slack action was the major cause of his accident. No reversible error occurred in its apportionment.

### IV.

Plaintiff's final contention for reversal is that the damages awarded are manifestly inadequate. We do not agree.

Plaintiff's medical and hospital expenses were paid for separately. He reinjured his leg at home shortly after his return from the hospital. It was not clear whether he incurred any loss of earnings as a result of the earlier injury. And, there are substantial disparities among juries as to what constitutes adequate compensation for pain and suffering. The verdict, although low, is not so grossly inadequate in view of the evidence produced at trial that it shocks our conscience or demonstrates that the jury was influenced by prejudice, passion, or other improper considerations.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.