Lonnie BOYD and Luann Boyd,
Plaintiffs–Appellees,

v.

Melinda L. GARVERT, individually,
Defendant–Appellant.

No. 98CA1178.

Colorado Court of Appeals,
Div. I.

Feb. 3, 2000.

Rehearing Denied March 9, 2000.

Certiorari Denied Sept. 18, 2000.

Edward Dale Parrish, P.C., Dale Parrish, Maria T. Schaefer, Denver, Colorado, for Plaintiffs–Appellees.

Cooper & Clough, P.C., Paul D. Cooper, Irwin & Boesen, P.C., Chris L. Ingold, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

In this attorney malpractice action, defendant, Melinda Garvert (attorney), appeals the judgment entered on a jury verdict in favor of plaintiffs, Lonnie and Luann Boyd. We affirm.

In September 1993, the plaintiffs, residents of Colorado, engaged attorney to represent them in a relinquishment of their baby, who was born and relinquished in Colorado. The attorney then represented the plaintiff mother in the adoption of the baby by a Kansas couple, in Kansas. On April 1, 1994, the Kansas court entered the final decree of adoption.

Plaintiffs initiated this action in Colorado against attorney alleging, among other things, professional negligence and breach of fiduciary duty based on attorney's failure to advise plaintiffs of the availability of relinquishment counseling.

Plaintiffs did not contest the Kansas adoption. Their claim of damages was not based on a desire to nullify the adoption but, rather, on the basis that attorney failed to advise them of the availability of counseling to mitigate the emotional effects of their decisions related to the relinquishment.

Their claim of breach of fiduciary duty was based on attorney's alleged self-interest and conflict of interest in representing the interests of the adoptive parents, by assuring that the adoption would be completed.

The jury returned a verdict in favor of the plaintiffs on both claims of professional negligence and breach of fiduciary duty. This appeal followed.

## I.

Attorney asserts that the judgment must be set aside because the trial court did not control the pretrial and trial conduct of the plaintiffs. We disagree.

■ Attorney alleges that the plaintiffs and their attorney repeatedly violated rules of pretrial practice. She cites their failure to provide and supplement discovery, their untimely designation of expert witnesses, their non-appearance at hearings, and their lack of cooperation throughout the discovery process.

■ The record reveals that the trial court entered orders in response to attorney's motions and requests for relief regarding these allegations. The court's refusal to enter sanctions for discovery violations does not necessarily constitute reversible error. *See Williams v. Continental Airlines, Inc.*, 943 P.2d 10 (Colo.App.1996) (sanctions for failure to comply with disclosure rules rest in the discretion of trial court and should not be disturbed absent abuse of discretion).

Attorney also contends that plaintiffs' conduct during the trial resulted in prejudice to her, requiring a reversal of the judgment. She alleges, among other things, that plaintiffs and their lawyer threatened her, audibly and visibly reacted in court, and negatively characterized her by using derogatory terms such as a "baby broker."

■ Again, our review of the record satisfies us that the trial court addressed each instance raised by attorney with either an admonishment to plaintiffs, a curative instruction to the jury, or a direction to counsel to rephrase the question so as to avoid prejudice. We do not address those claims of misconduct raised for the first time on appeal where no objection was raised during trial. *See Cruz v. Union Pacific Railroad Co.*, 707 P.2d 360 (Colo.App.1985) (failure to object to improper remarks in closing argument waived issue for appeal purposes).

We conclude that the trial court did not abuse its discretion in addressing attorney's claims of misconduct and that none of the instances, singly or in the context of the entire proceedings, rise to the level of reversible error.

## II.

Attorney asserts that the trial court erred by denying her motion for directed verdict. Specifically, she argues that the trial court erred in allowing both the negligence claim and the breach of fiduciary duty claim to go to the jury because the claims were duplicative. Attorney also maintains that the court failed to define the duty she was alleged to have breached on the negligence claim, de-

spite repeated requests to do so, and then improperly concluded that a duty existed. Finally, she argues that there was insufficient evidence presented by plaintiffs to establish the element of causation. We disagree.

■ In reviewing the denial of a motion for directed verdict, we must view the evidence in a light most favorable to the nonmoving party. *Colwell v. Mentzer Investments, Inc.,* 973 P.2d 631 (Colo.App.1998).

### A.

Prior to trial, throughout the course of the trial, and again in her directed verdict motion, attorney asked the court to dismiss the plaintiffs' breach of fiduciary duty claim because it was duplicative of their negligence claim. She again argues on appeal that submission of both claims to the jury constituted reversible error.

Attorney relies upon *Spoor v. Serota,* 852 P.2d 1292 (Colo.App.1992), where a patient sued two physicians for failing to exercise due care in the treatment of her neck ulceration. A division of this court found no error when the trial court denied the plaintiff's request to add a breach of fiduciary duty claim to her negligence claim.

The *Spoor* court recognized that although a doctor *may* owe a patient fiduciary duties, in that case the sole issue was whether the physicians breached the duty to exercise reasonable care and skill. Since the issue was presented to the jury under a theory of negligence, the court found that a claim for breach of fiduciary duty would have been duplicative. *Spoor v. Serota, supra. See also Awai v. Kotin,* 872 P.2d 1332 (Colo.App. 1993).

■ Here, the duties and the facts supporting the two claims were not the same. In the professional negligence claim, the duty owed by attorney to her clients was that of a reasonably careful attorney measured against what an attorney would have done under the same or similar circumstances, using the knowledge and skill of attorneys practicing at the same time, in the same community. *See CJI–Civ.3d* 15:23 (1998 Supp.).

The breach alleged in the professional negligence claim was attorney's failure to advise plaintiffs of the availability of relinquishment counseling. In contrast, the alleged breach of fiduciary duty was based on an assertion of attorney's self-interest and conflict of interest.

The claims here were not duplicative because the breached duties were not based on the same facts. Thus, the jury could have found attorney liable for both negligence and breach of fiduciary duty, as they did, based on the breach of different and separate duties. *See Martinez v. Badis,* 842 P.2d 245 (Colo.1992); *Moguls of Aspen, Inc. v. Faegre & Benson,* 956 P.2d 618, 621 (Colo.App.1997) (recognizing that circumstances may exist in which a lawyer is liable for both malpractice and other fiduciary violations, if "a claimed fiduciary violation is separate and independent from any alleged negligence").

Accordingly, we conclude that the trial court did not err in submitting the breach of fiduciary duty claim to the jury, because the fiduciary duty claim permitted the jury to consider whether the attorney breached a different duty, based on different facts, than she breached under the negligence claim.

### B.

Attorney also argued, in her motion for a directed verdict, that the court should have concluded as a matter of law that no specific duty existed upon which to find attorney negligent.

She argues that, at the time of the relinquishment, neither Kansas nor Colorado statutes imposed a duty on lawyers to advise their clients regarding the availability of relinquishment counseling.

Whether or not attorney breached a Kansas duty is of no consequence, as we conclude that she was subject to a professional duty in Colorado. She is a Colorado lawyer, who represented clients residing in Colorado, in the relinquishment, undertaken in Colorado, of their child born in Colorado. Even though a portion of her representation, specifically the adoption, took place in Kansas, we conclude that she owed her clients the duty

imposed upon her by Colorado professional standards.

At the time of the events here, the Colorado statute pertaining to relinquishment required counseling for parents desiring to relinquish their children. Section 19–5–130(1)(a), C.R.S.1993 Cum.Supp. The statute was unclear as to its applicability to out-of-state adoptions. The statute was subsequently amended to specifically require such counseling for children adopted within, as well as outside the state of Colorado. Section 19–5–103(12), C.R.S.1997.

■ However, whether relinquishment counseling was or was not required by statute, either in Colorado or in Kansas, is not dispositive of the issue presented here. Because this was a professional negligence action, the duty imposed on the attorney is that she "must employ that degree of knowledge, skill, and judgment ordinarily possessed by members of the legal profession at the time the task is undertaken." *McCafferty v. Musat,* 817 P.2d 1039, 1044 (Colo.App.1990). The trial court so instructed the jury here.

The standards of acceptable professional conduct, the deviation from which would constitute legal malpractice, are not necessarily limited to conduct as defined by statute. Rather, these standards are generally proven by expert testimony. *See Crystal Homes, Inc. v. Radetsky,* 895 P.2d 1179 (Colo.App. 1995).

Here, experts testified on behalf of the plaintiff regarding standards of professional conduct in Colorado. Our review of the record satisfies us that there was ample evidence, presented through the expert testimony, to establish that there existed a standard in the community requiring a prudent attorney to discuss relinquishment counseling with his or her clients in both in-state and out-of-state adoptions. Thus, the trial court properly submitted to the jury the issue of whether defendant breached a duty of care to plaintiffs.

### C.

Finally, attorney argues that the evidence was insufficient for the jury to find that causation was established because plaintiffs neither challenged the adoption nor proved that, had they done so, they would have been permitted to keep their child. In a related argument, she claims plaintiffs were estopped to claim injury because they did not seek to regain custody of their child.

■ These arguments, however, overlook the fact that plaintiffs were not claiming damages based on the loss of their child, nor on their desire to nullify the adoption, but based on their distress at having to make the relinquishment decision without adequate counseling. Because there was at least some evidence in the record to support this basis for recovery, we cannot conclude that the verdict must be set aside on these grounds.

The judgment is affirmed.

Judge VOGT concurs.

Judge METZGER dissents.

Judge METZGER, dissenting.

Because I would hold that no legal duty existed, I would reverse the judgment entered in plaintiffs' favor. Therefore, I respectfully dissent.

In this case, no proceedings occurred in Colorado courts. The relinquishment and adoption of plaintiffs' child occurred in Kansas pursuant to the provisions of the Interstate Compact on the Placement of Children. Sections 24–60–1801, et seq., C.R.S.1999 and K.S.A. §§ 38–1201, et seq. (1999).

According to the Compact, Kansas was the receiving state. As such, Kansas law, not Colorado law, controlled. Section 24–60–1802(III)(a), C.R.S.1999.

Kansas law did not require relinquishment counseling at the time of the events here. Instead, it only required that the birth parents give free and voluntary consent to the adoption before either a judge or a notary public. K.S.A. § 59–2114 (1999).

Moreover, plaintiffs did not offer any evidence that the attorney standard of practice in Kansas would dictate relinquishment counseling discussions. Thus, even if we assume that expert testimony can somehow create a duty (a proposition which I do not accept, *see Hines v. Denver & Rio Grande Western*

*R.R.*, 829 P.2d 419 (Colo.App.1991)), the testimony of Colorado attorneys regarding Colorado practices was wholly irrelevant to the issues here.

The Kansas district court approved the direct placement of the child with her adoptive parents in Kansas; found that plaintiffs had "freely and voluntarily consented" to the adoption, that this consent had been properly completed; and entered a final decree of adoption. These findings and decree have never been appealed.

Because under the applicable Kansas law the attorney had no duty to recommend that plaintiffs receive relinquishment counseling, the judgment here, entered against her based on her failure to recommend such counseling, cannot stand.

One of plaintiffs' experts testified that, while no Colorado statutory or decisional authority existed, prudent Colorado lawyers would discuss relinquishment counseling with their clients. I disagree with the majority's determinations that this equivocal testimony, even if relevant, created a duty.

The trial court's refusal to dismiss plaintiffs' complaint for lack of duty violated the full faith and credit doctrine set out in U.S. Const. art. IV, § 1. Plaintiffs were aware of the Kansas proceedings, had the benefit of independent advice of counsel, and elected not to contest these proceedings or to appeal the Kansas district court's findings and orders. Those orders are entitled, at a minimum, to *res judicata* effect. *Braselton v. Clearfield State Bank*, 606 F.2d 285 (10th Cir.1979). Consequently, they should have been given full faith and credit. *See Department of Social Services v. District Court*, 742 P.2d 339 (Colo.1987). Plaintiffs' attempt to undercut both the effect of those orders and the integrity of the Interstate Compact by filing a Colorado lawsuit should not have been condoned. *See In re Custody of K.R.*, 897 P.2d 896 (Colo.App.1995).

Consequently, because the attorney had no duty to plaintiffs, the judgment against her should be reversed.