Susan **ALLER**, Plaintiff–Appellant,

v.

**LAW OFFICE OF CAROLE C. SCHRIEFER, PC, and Carole C. Schriefer, Defendants–Appellees.**

No. 04CA0003.

Colorado Court of Appeals,
Div. I.

July 28, 2005.

Rehearing Denied Aug. 18, 2005.

Certiorari Denied June 5, 2006.

Paul Gordon, LLC, Paul Gordon, Denver, Colorado, for Plaintiff–Appellant.

McConnell, Siderius, Fleischner, Houghtaling, & Craigmile, LLC, Michael T. McConnell, Traci L. Van Pelt, Meghan E. Pound, Denver, Colorado, for Defendants–Appellees.

GRAHAM, J.

In this legal malpractice case based on an attorney's breach of fiduciary duty owed to a client, plaintiff, Susan Aller, appeals the trial court's summary judgment in favor of defendants, the Law Office of Carole C. Schriefer, P.C., and Carole C. Schriefer (collectively attorney). We affirm.

Plaintiff disclosed personal and confidential information to attorney when attorney represented her in a matter involving the termination of a business. Later, attorney represented plaintiff's business associate, Gale, in a lawsuit brought by Gale against plaintiff. In response to plaintiff's motion, the court disqualified attorney, and a new attorney assumed representation of Gale. The case eventually settled.

Plaintiff then filed a complaint against attorney, alleging that she had breached her fiduciary duties to plaintiff and that plaintiff suffered damages, including emotional distress and other noneconomic damages. The complaint also asserted, without factual particularity, that plaintiff's damages were attended by circumstances of fraud, malice, and willful and wanton conduct.

Without answering the complaint, attorney moved for summary judgment, submitting the affidavits of Gale and of Gale's new attorney, which attested that Gale would have sued plaintiff regardless of which attorney had represented her. Gale also asserted, without dispute, that she possessed the same information about plaintiff as that possessed by attorney and would have disclosed it to any other attorney representing her in a suit against plaintiff. Gale's new attorney also

testified by affidavit that he would have asserted substantially similar claims against plaintiff to those asserted by attorney and that any reasonable attorney would also have taken the same course of action. In response, plaintiff submitted her own affidavit largely attesting to the emotional harm she suffered as a result of attorney's conduct.

The trial court granted attorney's motion for summary judgment, concluding that even assuming the existence of a fiduciary duty and breach of that duty by attorney, plaintiff did not suffer damages as a result of the breach. Based on the affidavits of Gale and her new counsel, the trial court found that any other attorney would have learned the same information about plaintiff as attorney knew and would have utilized that information in the same manner. The trial court also concluded that emotional distress and other noneconomic damages were not available in a legal malpractice action premised on a breach of fiduciary duty. This appeal followed.

### I. Summary Judgment Standard

We apply the same principles as the trial court in reviewing, de novo, a summary judgment. Summary judgment is appropriate only if the pleadings and supporting documents demonstrate that there is no genuine issue for trial as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56. The burden is on the moving party to establish that no genuine issue of fact exists, and any doubts in this regard must be resolved against the moving party. *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo.1995); *Bedard v. Martin*, 100 P.3d 584, 591 (Colo.App.2004).

When a nonmoving party has the burden of persuasion at trial, a moving party's initial burden of production may be satisfied by demonstrating an absence in the record of any material facts in dispute or an absence of any evidence supporting the nonmoving party's case. Once the moving party has satisfied this burden, the nonmoving party must set forth admissible evidence demonstrating that a genuine dispute of material fact exists. *Terrones v. Tapia*, 967 P.2d 216

(Colo.App.1998). The nonmoving party must receive the benefit of all favorable inferences that may be reasonably drawn from the undisputed facts. *Tapley v. Golden Big O Tires,* 676 P.2d 676 (Colo.1983); *see Dominguez v. Babcock,* 727 P.2d 362 (Colo.1986).

## II. Causation and Damages

Plaintiff contends that a genuine issue of material fact exists in respect to whether attorney's breach caused her damages. We disagree.

### A. No Causation of Damages as a Matter of Law

■ There is no genuine issue of material fact as to whether plaintiff suffered direct damages as a result of attorney's breach.

■ To prove a claim for breach of fiduciary duty, it is the plaintiff's burden to demonstrate, inter alia, that he or she has incurred damages and that the defendant's breach of fiduciary duty was a cause of the damages sustained. *Miller v. Byrne* 916 P.2d 566, 575 (Colo.App.1995). The element of causation is satisfied when the plaintiff proves that the defendant's conduct was a substantial contributing cause of the injury. *Rupert v. Clayton Brokerage Co.,* 737 P.2d 1106, 1112 (Colo.1987).

Here, Gale's new attorney attested that he would have asserted substantially similar claims against plaintiff and that any reasonable attorney would also have taken the same course of action. Plaintiff does not dispute this. Additionally, it is undisputed that Gale would have revealed the same confidential information to another attorney, had that attorney represented her.

In viewing this evidence on summary judgment, the trial court concluded, "Had [attorney] not been involved in the [case], some other, conflict free lawyer would have represented Ms. Gale against [plaintiff] and taken the same actions as counsel. Gale was privy to the same information [attorney] had regarding [plaintiff], and would have shared it with other counsel." Based on these undisputed facts, which have ample record support, the trial court concluded that attorney's representation of Gale did not cause plaintiff any additional harm, damages, or losses.

We perceive no error in the trial court's ruling and reach the same conclusion de novo. Plaintiff has not set forth any evidence to refute that another attorney would have learned and utilized the same confidential information in the representation of Gale. Nor is it refuted that Gale would have prosecuted the suit regardless of who represented her. Under these circumstances, we conclude that attorney's conduct did not cause plaintiff any pecuniary loss or damage she would not have also suffered had another attorney represented Gale. Therefore, her claim for damages fails because attorney's conduct did not cause plaintiff pecuniary loss as a matter of law.

Further, while plaintiff now argues that she suffered additional fees in attempting to disqualify attorney, which she would not have expended had she had conflict-free counsel, such incremental costs are not quantified in the record, and they were not presented or argued to the trial court. We therefore decline to address this argument for the first time on appeal. *See Fendley v. People,* 107 P.3d 1122 (Colo.App.2004).

### B. Noneconomic Damages

■ We also conclude that summary judgment was properly granted with respect to plaintiff's claim for emotional distress and other noneconomic damages because such damages are not available in a legal malpractice action which is essentially based on negligence.

"Noneconomic loss or injury" means "nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life." Section 13–21–102.5(2)(b), C.R.S.2004.

■ Generally, damages for noneconomic losses from negligence are not recoverable unless the person claiming them is subjected to an unreasonable risk of bodily harm. *Hale v. Morris,* 725 P.2d 26 (Colo. App.1986). Consistent with this principle, "emotional distress or other non-economic

damages resulting solely from pecuniary loss are not recoverable in a legal malpractice action based on negligence." *Gavend v. Malman,* 946 P.2d 558, 563 (Colo.App.1997). This is the rule in the majority of jurisdictions. *Gavend, supra;* R. Mallen & J. Smith, *Legal Malpractice* § 20.11 (5th ed. 2000)(Mallen).

A breach of fiduciary duty claim asserted against a lawyer is a species of legal malpractice. *Smith v. Mehaffy,* 30 P.3d 727 (Colo.App.2000). When such a claim is based on the breach of the duties of loyalty and confidentiality emanating from the attorney-client status between the parties, those duties are measured against standards applicable to attorneys. *Crystal Homes, Inc. v. Radetsky,* 895 P.2d 1179 (Colo.App.1995). Stated differently, a fiduciary breach in this context is a legal malpractice claim based on negligence because it arises from the representation of a client and involves the fundamental aspects of an attorney-client relationship. *See* Mallen, *supra,* § 14.2. When a legal malpractice claim and a breach of fiduciary duty claim arise from the same material facts, the breach of fiduciary duty claim should be dismissed as duplicative. *Moguls of Aspen, Inc. v. Faegre & Benson,* 956 P.2d 618 (Colo.App.1997).

Plaintiff argues that emotional distress damages are available here because she alleged a claim for breach of fiduciary duty. Plaintiff cites *Gavend, supra,* as support for her position that fiduciary duty claims are to be distinguished from ordinary negligence claims and that even in professional malpractice suits, where claims are based upon breach of fiduciary duty rather than negligence, noneconomic damages may be awarded. We do not read *Gavend* as support for that contention. There it was not clear whether the plaintiff sought emotional damages on her claim for negligent infliction of emotional distress or as a component of her malpractice claim. The division concluded that to the extent the claim for noneconomic damages was based upon negligent infliction of emotional distress, the record showed no risk of bodily harm to the plaintiff and therefore the claim failed as a matter of law. The division also rejected outright the award for noneconomic damages in legal malpractice suits based on negligence.

Courts have noted a distinction between a breach of fiduciary duty claim and attorney negligence. *Smith v. Mehaffy, supra; see Richter v. Van Amberg,* 97 F.Supp.2d 1255 (D.N.M.2000)(citing R. Mallen & J. Smith, *Legal Malpractice* § 14.1.5 (4th ed.1998)). This distinction assumes that an attorney's duties to a client include two obligations: (1) a duty to represent the client competently and (2) a fiduciary obligation of loyalty and confidentiality. Courts which find that breach of fiduciary duty is separate from professional negligence see the fiduciary obligations as part of a standard of conduct and professional negligence as part of a standard of care. *Richter, supra;* Mallen, *supra,* § 14.2.

This distinction, however, is technically deficient when applied to assess claims of malpractice. In some cases the distinction between duties based upon a standard of conduct and a standard of care is of no meaningful consequence. Where, as here, the operative allegations of the complaint assert violations of both standards of conduct and standards of care without making specific and particularized allegations of intentional conduct, we conclude that the malpractice claim is based upon negligence.

There is Colorado law that supports the proposition that a breach of fiduciary duty by an attorney is no different than attorney negligence. When faced with the question of whether a certificate of review was required in a case where a breach of fiduciary duty was alleged, the supreme court answered in the affirmative. *Martinez v. Badis,* 842 P.2d 245, 251–52 (Colo.1992)("Breach of fiduciary duty claims are in some, but not all, contexts basically negligence claims incorporating particularized and enhanced duty of care concepts often requiring the plaintiff to establish the identical elements that must be established by a plaintiff in negligence actions. For example, unless a breach of a fiduciary duty claim is admitted by the defendant, the plaintiff alleging a breach of fiduciary duty arising from the attorney-client relationship must establish by means of expert testimony the applicable standard of care and the de-

fendant's failure to adhere to that standard of care." (citation omitted)); *see also Miller v. Byrne, supra,* 916 P.2d at 580 ("Some breach of fiduciary duty claims, such as those here, 'are basically negligence claims ... often requiring the plaintiff to establish identical elements that must be established by a plaintiff in negligence actions." ' (quoting *Martinez, supra,* 842 P.2d at 252)).

█ A breach of fiduciary duty claim against an attorney for violation of the duties of loyalty and confidentiality is based on a model of negligence. Mallen, *supra,* § 14.2. To assert a claim for breach of fiduciary duty against an attorney, expert testimony is needed to establish the standard of care. *Martinez v. Badis, supra.* This requirement suggests that the fiduciary standard alleged to have been breached is a standard exercised by a reasonable attorney under the circumstances—that is, the standard for negligence.

Furthermore, the purposes of limiting damages in attorney negligence cases should apply to cases involving breach of fiduciary duty. Litigation inherently causes a client to suffer emotional distress, and to allow damages for such distress would escalate the cost of practicing law. *Camenisch v. Superior Court,* 44 Cal.App.4th 1689, 52 Cal.Rptr.2d 450 (1996).

Accordingly, there is no reason to distinguish a legal malpractice suit based on negligence from one based on a breach of a fiduciary duty if all that is alleged is an attorney's breach of the standard of care.

We discern no allegations suggesting that attorney owed plaintiff any fiduciary duty of care for reasons other than those imposed on her as an attorney. *Cf. Moses v. Diocese of Colo.,* 863 P.2d 310 (Colo.1993)(jury determined that bishop owed a fiduciary duty to plaintiff as a person in a position of trust, and noneconomic damages were awarded for breach). We can foresee circumstances where a breach of fiduciary duty may be characterized as something other than professional negligence, for example, where an attorney abuses a position of trust with the client by siphoning a client's funds for personal gain. However, where, as here, an attorney makes a decision based on profes-

sional judgment pertaining to the representation of a client, the cause of action is indistinguishable from one for professional negligence.

The complaint alleges a breach of fiduciary duty based upon attorney's disqualification under Rule 1.9 of the Colorado Rules of Professional Conduct and attorney's continued representation of Gale despite "requests ... to stop." Plaintiff's affidavit is almost exclusively directed to plaintiff's personal feelings of anger, helplessness, and distrust of attorney. There are no allegations that serve to escalate attorney's conduct to an intentional tort or a breach of trust involving matters of moral turpitude.

Further, plaintiff's conclusory allegation that attorney's conduct was attended by circumstances of fraud, malice, and willful and wanton conduct does not persuade us to change the result. Here, attorney testified at the disqualification hearing that she believed her representation of Gale was in good faith. Plaintiff offered nothing to refute this evidence or to demonstrate that attorney acted with any intent to harm her. Her affidavit speaks only to her own subjective feelings and beliefs, but offers no evidence that attorney acted with a guilty state of mind. Furthermore, we are aware of no authority, and plaintiff cites to none, holding that noneconomic damages are available in a legal malpractice action in Colorado even when fraud, malice, or willful and wanton conduct is alleged with particularity.

The trial court here properly characterized plaintiff's action as a legal malpractice claim based on a breach of fiduciary duty and, by implication, negligence. Plaintiff's theory of liability is premised on attorney's breach of the duties of loyalty and confidentiality imposed upon her in her capacity as an attorney. *See* Colo. R.P.C. 1.9. Additionally, plaintiff's having filed a certificate of review indicates her acquiescence in the court's characterization of the claim as one for legal malpractice based on negligence. *See* § 13–20–602, C.R.S.2004 (requiring parties to file to a certificate of review in actions based upon professional negligence).

Plaintiff cites a number of cases which she argues support the proposition that fiduciary duty malpractice claims should always be distinguished from professional negligence claims. However, these cases actually support the notion that special circumstances must be pleaded to show that a professional malpractice breach of fiduciary claim is based upon something other than negligence.

In *Miller v. Byrne, supra,* an attorney negligence claim and a breach of fiduciary duty claim were both asserted based on the attorney's failure to inform the plaintiffs of a settlement offer. The negligence claim was dismissed by the trial court as time barred, while the breach of fiduciary duty claim remained. On appeal, the division did not address whether the breach of fiduciary duty claim and the negligence claim were duplicative. The division overruled the trial court's directed verdict on the issue of punitive damages because there was evidence that the attorney acted intentionally.

In *Wagenmann v. Adams,* 829 F.2d 196, 221–22 (1st Cir.1987), the First Circuit Court of Appeals upheld an award for emotional distress damages in a malpractice case based on negligence because the attorney's negligence resulted in the plaintiff's being dispatched to a mental hospital and deprived of his liberty. These circumstances are not present here.

*Delesdernier v. Porterie,* 666 F.2d 116, 117 (5th Cir.1982), dealt with the plaintiff's damage award for negligent infliction of emotional distress caused by an attorney's withdrawal from the case, not from his breach of fiduciary duty related to his representation of another client in a matter against the plaintiff.

In *Stanley v. Richmond,* 35 Cal.App.4th 1070, 41 Cal.Rptr.2d 768, 784 (1995), the court in dicta noted that the plaintiff had asserted a claim for emotional distress damages and that the defendant impliedly conceded such damages were recoverable, citing breach of fiduciary duty cases not involving attorneys. *See, e.g., Branch v. Homefed Bank,* 6 Cal.App.4th 793, 8 Cal.Rptr.2d 182 (1992). However, the rule in California is that noneconomic damages are not recoverable in attorney malpractice cases related to

litigation. *Merenda v. Superior Court,* 3 Cal.App.4th 1, 4 Cal.Rptr.2d 87 (1992), *disapproved of in part by Ferguson v. Lieff, Cabraser, Heimann & Bernstein,* 30 Cal.4th 1037, 135 Cal.Rptr.2d 46, 69 P.3d 965 (2003).

A plaintiff was awarded emotional distress damages for breach of fiduciary duty in *Doe v. Roe,* 289 Ill.App.3d 116, 224 Ill.Dec. 325, 681 N.E.2d 640 (1997), because her attorney forced her to have sex with him. The court stated, "It is only when the attorney has reason to know that a breach of his fiduciary duty is likely to cause emotional distress, for reasons other than pecuniary loss, that damages will be given as compensation for mental suffering." *Doe, supra,* 224 Ill.Dec. 325, 681 N.E.2d at 650. Further, the court analyzed the issue applying principles of contract.

An award of punitive damages was upheld in *Bell v. Clark,* 653 N.E.2d 483, 491 (Ind.Ct. App.1995), *aff'd,* 670 N.E.2d 1290 (Ind.1996), because the trial court found that the attorney had acted with "malice, oppression, bad faith, fraud, and a heedless disregard of the consequences." These circumstances are not present here.

Plaintiff also relies on *Boyd v. Garvert,* 9 P.3d 1161 (Colo.App.2000), for the proposition that noneconomic damages are recoverable when an attorney breaches a fiduciary duty owed to a client. Although the trial court in *Boyd* appeared to have awarded noneconomic damages for an attorney's breach of fiduciary duty, the issue before the division in *Boyd* was whether the plaintiff's claims for malpractice and breach of fiduciary duty were duplicative. *See Moguls of Aspen, Inc., supra.* The division made no reference to the availability of noneconomic damages in a breach of fiduciary case based on legal malpractice because that issue was not raised. Here, there is but one claim that was properly characterized as legal malpractice, and the record indicates that its fundamental underpinning was negligence. Under *Gavend,* noneconomic damages are not recoverable in such an action.

We distinguish the other cases cited by plaintiff where noneconomic damages were recoverable in an action premised on breach

of fiduciary duty. *See, e.g., Goodson v. Am. Standard Ins. Co.,* 89 P.3d 409 (Colo.2004); *Bohrer v. DeHart,* 961 P.2d 472 (Colo.1998). None of these cases addresses an attorney's breach of fiduciary duty, and they are therefore unpersuasive.

The judgment is affirmed.

Judge MARQUEZ and Judge HAWTHORNE concur.