24CA2168 Wyles v Williams Law 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA2168
Jefferson County District Court No. 15CV31262
Honorable Tamara S. Russell, Judge

Terrence Wyles,

Plaintiff-Appellant,

v.

Williams Law P.C., d/b/a The Vasilco Law Group, Patrick Vasilco, Michael
Williams, and T.J. Carney,

Defendants-Appellees.

ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Ventola Law, Samuel Ventola, Denver, Colorado, for Plaintiff-Appellant

Nevin A. Seeger, P.C., Nevin A. Seeger, Loveland, Colorado, for Defendants-
Appellees Williams Law, P.C., d/b/a The Vasilco Law Group, Patrick Valisco,
and Michael Williams

Gordon Rees Scully Mansukhani, LLP, Franz Hardy, Abigail H. Kregor, Denver,
Colorado, for Defendant-Appellee T.J. Carney

¶ 1     Plaintiff, Terrence Wyles, appeals the district court's order awarding attorney fees and costs to defendants, Williams Law P.C., d/b/a the Vasilco Law Group; Patrick Vasilco; Michael Williams; and T.J. Carney, following the disposition of Wyles's claim against the defendants for professional negligence.  We affirm.

## I.     Background and Procedural History

¶ 2     We draw the following factual summary from the record and the opinion in *Wyles v. Williams Law, P.C.*, (Colo. App. No. 23CA0081, Jan. 25, 2024) (not published pursuant to C.A.R. 35(e)) (*Wyles I*).

¶ 3     Wyles, a patent attorney, retained Williams Law to represent his "interests in connection with [an] initial investigation and potential action" against his former employer, Aluminaid International, A.G., and certain related individuals and entities. Vasilco, the manager of Williams Law, arranged for Carney, an attorney with experience in complex employment and intellectual property cases, to serve as special counsel in Wyles's matter.

¶ 4     For reasons not relevant to this appeal, Carney never filed a lawsuit on Wyles's behalf.  Then, after Aluminaid sued Wyles in

California, Williams Law returned Wyles's retainer and terminated its representation of him.

¶ 5    Later, Wyles filed suit against all four defendants here, alleging breach of contract and negligence.[1]  The thrust of Wyles's claim was that, due to Carney's failure to promptly file a lawsuit in Colorado on Wyles's behalf, Wyles "incurred significant damages and losses" because, once Aluminaid had sued him in California, he suffered a "significant strategic litigation disadvantage."

¶ 6    Williams Law, Williams, and Vasilco (the Williams defendants) and Carney filed separate motions for summary judgment.  Wyles filed a joint response to both motions and Carney and the Williams defendants filed separate replies.  The court granted the motions.  Shortly thereafter, the Williams defendants and Carney both requested an award of attorney fees and costs.  Before the court ruled on the motions, however, Wyles filed his notice of appeal of the summary judgment order.  The district court issued an order holding the motions in abeyance "until the Court of Appeals render[ed] its decision" on the appeal.

---

[1] The district court dismissed the breach of contract claim, concluding it was subsumed within the negligence claim.

¶ 7 In their appellate briefing, the Williams defendants requested an award of appellate attorney fees in the event they prevailed, citing as support for this request the fee-shifting provision in the Williams Law engagement agreement, C.A.R. 39.1, section 13-17-102, C.R.S. 2025, and C.R.C.P. 11. Carney also sought appellate fees, although his request was cursory and cited only the engagement letter as support. A division of this court affirmed the summary judgment order, *Wyles I,* slip op. at 5, but the division's opinion did not address either request for an award of appellate attorney fees.[2]

¶ 8 After the division's opinion was issued but before Wyles filed his petition for a writ of certiorari, the Williams defendants filed a motion requesting that the division refer their request for appellate fees "to the trial court pursuant to C.A.R. 39.1." Carney joined in the motion, requesting that the division "refer the determination of recovery of attorneys' fees incurred during the appeal to the district court upon issuance of the mandate."

---

[2] The Colorado Supreme Court subsequently denied Wyles's petition for a writ of certiorari.

¶ 9 The division granted the motion as to Williams Law but denied it as to the other defendants. Its order noted that while the defendants all prevailed in the appeal, none of them explained why nonparties to the engagement agreement would be entitled to recover under the agreement's fee-shifting provision. Thus, the division ruled, "as the only prevailing party that is a party to the agreement, Williams Law is the only defendant-appellee entitled to recover its attorney fees pursuant to the agreement."

¶ 10 Consistent with the division's order, on remand, Williams Law requested an award of attorney fees incurred in connection with *Wyles I*, all the Williams defendants requested an award of costs incurred in connection with *Wyles I*, and all the Williams defendants and Carney requested an award of fees and costs incurred in the district court. After rejecting Wyles's argument that the division's order largely foreclosed any additional award of attorney fees, the district court granted the motions. The award, which relied on varying grounds depending on the defendant and included applicable postjudgment interest for each amount, consisted of the following:

- Under the fee-shifting provision of the engagement agreement and, in the alternative, under the doctrine of equitable estoppel, Carney was awarded $150,430.00 in district court attorney fees against Wyles only.

- Carney was awarded $30,563.64 in district court costs against Wyles only.

- Under the fee-shifting provision of the engagement agreement, equitable estoppel, and section 13-17-102(4), the Williams defendants were awarded $106,914.51 in district court attorney fees against Wyles and his attorney, jointly and severally.

- The Williams defendants were awarded $28,172.69 in district court costs against Wyles and his attorney, jointly and severally.

- Williams Law was awarded $38,261.50 in appellate attorney fees against Wyles only.

- The Williams defendants were awarded $479.00 in appellate costs against Wyles only.

¶ 11 Wyles appeals the award, arguing that (1) the division's order limiting the award of appellate attorney fees to Williams Law should

have foreclosed the award of district court attorney fees to the remaining defendants; (2) the district court erred by awarding attorney fees against Wyles and his attorney under section 13-17-102(4); (3) the district court erred by awarding attorney fees under the fee-shifting provision of the engagement agreement; and (4) there was insufficient evidence to support the amounts of fees and costs awarded. We address each contention in turn below.

## II. The Scope of the *Wyles I* Division's Order

¶ 12 Wyles contends that the district court acted contrary to the mandate of the *Wyles I* division when, on remand, it awarded attorney fees to parties other than Williams Law.[3] As we understand his argument — which consists of three scant sentences in the opening brief — he asserts that because the *Wyles I* division did not award appellate attorney fees to parties other than Williams Law, those parties were not entitled to fees associated with the district court proceedings either. As Wyles puts

---

[3] Wyles does not contend that the *Wyles I* division's order similarly foreclosed the award of costs associated with the district court proceedings.

it in his opening brief, "the lack of sanctions for filing the appeal a fortiori implies a lack of basis for sanctions for the original filing."

¶ 13　We review de novo whether the district court followed the previous division's mandate. *Thompson v. Catlin Ins. Co. (UK)*, 2018 CO 95, ¶ 20. Leaving aside the fact that only one aspect of the court's attorney fee award amounted to a "sanction" under section 13-17-102, we disagree with Wyles's understanding of the appellate mandate in *Wyles I*. Addressing a request for *appellate* attorney fees under C.A.R. 39.1, the division ruled on only that issue. It did not — and could not — consider the propriety of attorney fees in the *district court* because, until the district court granted such fees, that issue was not ripe for appellate review. *See Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo. App. 2003) ("[A]n award of attorney fees is distinct and separately appealable from the judgment on the merits."); *Stone Grp. Holdings LLC v. Ellison*, 2024 COA 10, ¶ 18 ("To be considered final, a judgment or order must address both liability and damages, and damages must be reduced to a sum certain." (citation omitted)).

¶ 14　To the extent that Wyles contends that the *Wyles I* order compels the conclusion that his actions in the district court were

not sanctionable, we disagree. The division's silence regarding whether Wyles's appellate arguments were frivolous, vexatious, or otherwise sanctionable sheds no light on the district court proceedings. *See Front Range Home Enhancements, Inc. v. Stowell*, 172 P.3d 973, 977 (Colo. App. 2007) (recognizing that "divisions of this court have consistently applied a rule of awarding appellate attorney fees only if the appeal itself is frivolous").

¶ 15    Accordingly, we discern no error in the district court's conclusion that the *Wyles I* division's ruling on appellate attorney fees did not bar it from considering the defendants' pending requests for attorney fees arising from the district court phase of the case.

### III.   Sanctions Under Section 13-17-102

¶ 16    Wyles contends that the district court erroneously sanctioned him and his counsel under section 13-17-102 because there

"simply is not evidence to suggest that Plaintiff, or his counsel, had the desire to simply harm the Defendants." We discern no error.[4]

### A. Applicable Law and Standard of Review

¶ 17 Section 13-17-101, C.R.S. 2025, "sets forth provisions for the recovery of attorney fees . . . in courts of record when the bringing or defense of an action . . . is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." A claim is substantially frivolous if the proponent can present no rational argument based on the evidence or the law to support it. *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984). Similarly, a claim is substantially groundless if the proponent's allegations are not supported by any credible evidence. *Id.* A vexatious claim or defense is one brought or maintained in bad faith, which includes conduct that is arbitrary, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of truth and

---

[4] We reject the Williams defendants' argument that Wyles's attorney's "failure to preserve his own appeal, by either filing his own separate appeal or being added as an appellant, renders final the judgment against him." *See Cruz v. Benine*, 984 P.2d 1173, 1181 (Colo. 1999) (reversing dismissal of appeal of attorney fees award against attorney that was entered jointly and severally against attorney and attorney's client where notice of appeal listed only client, not attorney).

accuracy.  *See Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001).  The trial court has discretion in determining whether to award attorney fees, and its determination will not be disturbed on review if supported by the evidence.  *See Crissey Fowler Lumber Co. v. First Cmty. Indus. Bank*, 8 P.3d 531, 535 (Colo. App. 2000).[5]

### B.    Analysis

¶ 18    Wyles contends that the district court abused its discretion by imposing sanctions because there was no proof that he "brought or maintained" his claim "in bad faith to annoy or harass," and because he presented evidence of the defendants' delay and malpractice via the expert opinion of a law professor.

¶ 19    In concluding that the complaint was substantially frivolous and groundless, the court noted that Wyles presented no credible evidence that the defendants breached their duty of care or that their actions caused his alleged injuries.  The premise of Wyles's

---

[5] We reject Wyles's assertion that we should review de novo the district court's award of attorney fees as a sanction.  The case that Wyles cites as support for this proposition says just the opposite.  *Munoz v. Measner*, 247 P.3d 1031, 1032 (Colo. 2011) ("We find that the trial court's denial of the Measners' fee request was supported by sufficient findings, including the proper claim-by-claim analysis, and that the court did not abuse its discretion in denying the request.").

malpractice lawsuit was that preemptively suing Aluminaid in Colorado would have given him a litigation advantage and reduced the likelihood that he would have to defend against a suit filed by Aluminaid in a less convenient forum. But as the court pointed out, Wyles offered nothing more than "speculation and conjecture" that winning the race to the courthouse would have prevented Aluminaid from filing its own suit in California — particularly given that "the California case was completely different than this case." Indeed, although Wyles's expert report baldly asserted that, had Wyles filed first in Colorado, he would "have been able, promptly and at a reasonable cost," to transfer the California action to Colorado, it ignored the fact that the California case involved allegations of "computer fraud and abuse, conversion, misappropriation of trade secrets, [and] intentional interference with economic advantage," none of which "had anything to do with this case." The record contains ample support for these findings. In short, Wyles's claims were frivolous and groundless because he offered no rational argument or evidence to support the allegations in his complaint.

¶ 20    As for vexatiousness, the district court found that Wyles's malpractice lawsuit "smack[ed] of retaliation" because he "wanted Mr. Carney to be punished."  Given the disconnect between the malpractice allegations, the evidence that Wyles marshaled, and the course of his conduct during the litigation, we agree with this inference.  Not only did Wyles refuse to dismiss claims that were clearly legally barred — for example, his claim for noneconomic damages, *see Aller v. Law Off. of Carole C. Schriefer, P.C.*, 140 P.3d 23, 26-27 (Colo. App. 2005) — but he also pursued claims against individual attorneys who had no direct involvement in the underlying case.

¶ 21    In sum, because the district court's finding that Wyles's malpractice lawsuit was substantially frivolous, groundless, and vexatious has substantial record support, we perceive no abuse of discretion.

IV.    Award of Fees Under the Terms of the Engagement Agreement

¶ 22    Next, Wyles contends that the district court could not award fees under the fee-shifting provision of the engagement agreement because "Williams Law dismissed its contract claim."  In the alternative, he appears to argue that the district court lacked

12

jurisdiction to award fees under the engagement agreement because that agreement provides in part that "[a]ny fee dispute will be submitted to binding arbitration."

¶ 23    We decline to address Wyles's first argument because it is unpreserved. *See Laleh v. Johnson*, 2016 COA 4, ¶ 8 (generally, appellate courts do not address unpreserved issues in civil cases), *aff'd on other grounds*, 2017 CO 93. Wyles never argued in the district court that, by withdrawing their counterclaims for breach of contract, fraud, and unjust enrichment, the Williams defendants terminated the fee-shifting provision of the engagement agreement. And his claim that "[t]he issue was raised on multiple occasions including at the hearing" is not borne out by the record citations he provides.[6]

---

[6] In his reply brief, Wyles asserts that this argument was preserved because, in response to a motion filed by the Williams defendants to amend the written order to incorporate certain oral findings, he argued for the first time that, although "[d]efendants' proposed order also seeks to establish liability for attorney's fees pursuant to contract," they had previously "voluntarily dismissed their contract claims." This argument was raised too late to preserve it for appeal. *See Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66 ("Arguments made, as here, for the first time in a post-trial motion are too late and, consequently, are deemed waived for purposes of appeal.").

¶ 24    As for Wyles's alternative argument, we agree with the district court's conclusion that his malpractice lawsuit against the defendants was not a "fee dispute" as contemplated by the engagement agreement.

¶ 25    Finally, to the extent that Wyles asserts for the first time in his reply brief that the district court erroneously awarded fees to Carney under the doctrine of equitable estoppel, we decline to address the argument because it is not properly before us. *See Meadow Homes Dev. Corp. v. Bowens*, 211 P.3d 743, 748 (Colo. App. 2009) ("[W]e do not consider arguments raised on appeal for the first time in a reply brief." (citation omitted)).

V.    Calculation of Fees and Costs

¶ 26    Wyles contends that the district court "erred in its calculation of fees and costs" because "[d]efendants offered no testimony or other evidence establishing the reasonableness of their claimed costs, principally consisting of alleged expert fees paid to a witness that did not testify or offer evidence at any point in the proceeding."

¶ 27    We perceive no error. Indeed, Wyles's claim that the district court's fees and costs award lacks evidentiary support is directly refuted by the record, which contains detailed billing reports

accompanied by affidavits and legal argument. Wyles did not challenge this evidence in the district court, nor does he develop any substantive legal argument on appeal as to why it should have been excluded. *See Taylor v. Taylor*, 2016 COA 100, ¶ 13 (refusing to address appellate contention that is "unsupported by any substantial argument"). Accordingly, we leave the district court's calculations of attorney fees and costs undisturbed.

## VI. Appellate Attorney Fees and Costs

¶ 28    The Williams defendants and Carney both request their appellate attorney fees and costs. Because both sets of defendants prevailed on appeal, we grant their requests. *See Kennedy v. King Soopers Inc.*, 148 P.3d 385, 390 (Colo. App. 2006) ("When a party is awarded attorney fees for a prior stage of the proceedings, it may recover reasonable attorney fees and costs for successfully defending the appeal."); *see also 1046 Munras Props., L.P. v. Kabod Coffee*, 2025 COA 71, ¶ 39 ("Colorado appellate courts routinely award appellate attorney fees to parties who successfully defend an attorney fee award on appeal."). We remand this matter to the district court to determine and award the defendants their

15

reasonable appellate attorney fees and costs under C.A.R. 39.1 and C.A.R. 39(c)(1).[7]

## VII. Disposition

¶ 29 The order is affirmed, and the case is remanded to the district court under C.A.R. 39.1 and C.A.R. 39(c)(1) for a determination of reasonable attorney fees and costs incurred during this appeal.

JUDGE YUN and JUDGE SCHOCK concur.

---

[7] Although it is a close call given the shortcomings in Wyles's briefing discussed throughout this opinion, we decline to grant appellate fees and costs under section 13-17-102, C.R.S. 2025, for two reasons. First, Carney does not request fees under that statute. Second, while the Williams defendants do seek an award of appellate fees under section 13-17-102, their argument is not well developed. *See* C.A.R. 39.1 (2025) ("[T]he principal brief of the party claiming attorney fees must include a specific request, under a separate heading, and must explain the legal and factual basis for an award of attorney fees. Mere citation to this rule or to a statute, without more, does not satisfy the legal basis requirement.").

16